# EXHIBIT 3

1  Spencer C. Skeen, CA Bar No. 182216
   spencer.skeen@ogletree.com
2  Marlene M. Moffitt, CA Bar No. 223658
   marlene.moffitt@ogletree.com
3  Tim L. Johnson, CA Bar No. 265794
   tim.johnson@ogletree.com
4  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
5  4370 La Jolla Village Drive, Suite 990
   San Diego, CA  92122
6  Telephone:     858.652.3100
   Facsimile:     858.652.3101
7
   Attorneys for Defendants WORLD FINANCIAL GROUP INSURANCE AGENCY, INC. and
8  WORLD FINANCIAL GROUP, INC.

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF SAN FRANCISCO**

11

| | |
|---|---|
| 12  TRICIA YEOMANS, ISMAIL CHRAIBI, ADRIAN RODRIGUEZ, ROBERT JENKINS, 13  and DOROTHY JENKINS, individually and on behalf of all others similarly situated, 14 | Case No. CGC-18-572397 [*Assigned for all purposes to The Honorable Teri L. Jackson, Dept. 206*] |
| 15                    Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT** |
| 16            vs. | |
| 17  WORLD FINANCIAL GROUP INSURANCE AGENCY, INC., a California corporation; 18  WORLD FINANCIAL GROUP, INC., a Georgia corporation; and DOES 1 to 100, 19  inclusive | Action Filed: December 28, 2018 |
| 20            Defendants. | |

21

22        Defendants WORLD FINANCIAL GROUP, INC. and WORLD FINANCIAL GROUP

23  INSURANCE AGENCY, INC. (together, "Defendants") answer Plaintiffs' unverified Class Action

24  Complaint ("Complaint"):

25                        **GENERAL DENIAL**

26        Pursuant to Code of Civil Procedure § 431.30(d), Defendants deny specifically and generally

27  each allegation contained in the Complaint, and further deny that Plaintiffs or the putative class have

28  suffered any injuries or damages of any kind attributable to Defendants.

1

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

## AFFIRMATIVE DEFENSES

2       Defendants assert these affirmative defenses, the applicability of which will be determined

3  through the course of investigation and discovery. These affirmative defenses, unless otherwise

4  indicated, are being asserted as to each allegation in the Complaint.

5

## FIRST AFFIRMATIVE DEFENSE

6

### (Failure to State a Claim)

7      Defendants contend the Complaint fails to state a claim for which relief can be granted.

8

## SECOND AFFIRMATIVE DEFENSE

9

### (Statute of Limitations)

10      Defendants contend the claims of Plaintiffs are barred by applicable statutes of limitation

11  including, but not limited to, Code of Civil Procedure §§ 338, 339, 340, and 343; Business and

12  Professions Code section 17208; and any other applicable statutes of limitation.

13

## THIRD AFFIRMATIVE DEFENSE

14

### (Independent Contractors)

15      The claims in the Complaint are barred because Plaintiffs and the putative class, as

16  independent contractors, were at all times exempt from the provisions of the California Labor Code,

17  from the Wage Orders of California's Industrial Welfare Commission, and/or from any other

18  applicable law.

19

## FOURTH AFFIRMATIVE DEFENSE

20

### (Exempt)

21      The claims in the Complaint are barred because, even if Plaintiffs and/or the putative class

22  were employees of Defendants (which Defendants deny), Plaintiffs and the putative class were at all

23  times exempt under various exemptions, including, but not limited to, the Outside Sales Exemption,

24  the Executive Exemption, and/or the Administrative Exemption.

25

## FIFTH AFFIRMATIVE DEFENSE

26

### (Unclean Hands)

27      Plaintiffs' claims are barred by the doctrine of unclean hands. Plaintiffs and/or the putative

28  class, through their actions and representations, led Defendants to believe they were properly paid

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1  and received all wages (assuming Plaintiffs and/or putative class members were employees of

2  Defendants, which Defendants deny) and other payments to which they were legally entitled.

3  ## SIXTH AFFIRMATIVE DEFENSE

4  ### (Waiver, Estoppel, Laches, Release, Res Judicata)

5  The claims in the Complaint are barred under the doctrines of waiver, estoppel, and laches.

6  Plaintiffs and/or the putative class have unreasonably delayed in asserting their causes of action after

7  knowing of the injuries alleged in the Complaint. Defendants neither knew nor had reason to know

8  of the alleged acts and omissions complained of in this case. Plaintiffs and/or the putative class failed

9  to provide such notice and, therefore, are barred from bringing their claims. The claims are also

10 barred to the extent Plaintiffs and/or the putative class released Defendants from liability for the

11 claims alleged in the Complaint. Furthermore, the claims and issues are barred to the extent they

12 have been litigated and adjudicated.

13 ## SEVENTH AFFIRMATIVE DEFENSE

14 ### (Reasonable Grounds)

15 The claims in the Complaint are barred, in whole or in part, because Defendants had

16 reasonable grounds for believing their actions did not violate the law.

17 ## EIGHTH AFFIRMATIVE DEFENSE

18 ### (Consent)

19 The claims in the Complaint are barred because Plaintiffs and/or the putative class consented

20 and agreed to the conduct about which they now complain.

21 ## NINTH AFFIRMATIVE DEFENSE

22 ### (No Wage Statement Claim)

23 Any recovery on the Complaint with respect to the allegations of Defendants' failure to

24 furnish itemized statements during the applicable pay period is barred because of the independent

25 contractor status and/or exempt status of Plaintiffs and the putative class (assuming Plaintiffs and/or

26 putative class members were employees of Defendants, which Defendants deny). Further, the claims

27 in the Complaint are barred to the extent Plaintiffs and/or the putative class were not injured by such

28 wage statements.

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Excuse)

3       The claims in the Complaint are barred, in whole or in part because Defendants' acts and/or

4  omissions were excused.

5

## ELEVENTH AFFIRMATIVE DEFENSE

6

### (No Reimbursement Claim)

7       The Complaint fails to properly state a claim for expense reimbursement under the California

8  Labor Code because, even if Plaintiffs and/or the putative class were employees of Defendants

9  (which Defendants deny), Plaintiffs and/or the putative class failed to submit to Defendants any proof

10  or documents showing that any alleged expenditures or losses were necessarily incurred by Plaintiffs

11  and/or the putative class in the direct consequence of the discharge of their duties. Additionally,

12  assuming, *arguendo*, that Plaintiffs and/or the putative class are entitled to reimbursement for

13  business expenses, any recovery on the Complaint with respect to their claim under the California

14  Labor Code is barred because the amounts paid to them included and exceeded amounts purportedly

15  owed for reimbursable business expenses.

16

## TWELFTH AFFIRMATIVE DEFENSE

17

### (No Wages Due and Owing)

18       The claim in the Complaint for penalties must fail to the extent no wages were due and owing

19  to Plaintiffs and/or the putative class at the times material to their allegations.

20

## THIRTEENTH AFFIRMATIVE DEFENSE

21

### (Lack of Damages/Failure to Mitigate)

22       Defendants allege Plaintiffs and/or the putative class have suffered no damages because of

23  any alleged act or omission of Defendants, and even had Plaintiffs and/or the putative class suffered

24  damages or injuries, all or some portion of the damages or injuries were caused or attributable to the

25  failure of the Plaintiffs and/or the putative class to take reasonable action to mitigate said damages

26  or injuries, if any.

27  / / /

28  / / /

4

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Good Faith Dispute)

3       Defendants allege without conceding any wages and/or monies due or any employment

4  relationship with Plaintiffs and/or the putative class, there exists a good faith dispute regarding the

5  payment of wages and/or monies. Therefore, penalties are not warranted under the California Labor

6  Code.

7

## FIFTEENTH AFFIRMATIVE DEFENSE

8

### (Indemnification and Contribution)

9       Under the independent contractor agreements, Plaintiffs and/or the putative class expressly

10 agreed to indemnify Defendants for the claims in the Complaint and contribute to any damages

11 awarded.

12

## SIXTEENTH AFFIRMATIVE DEFENSE

13

### (Accord and Satisfaction)

14      Defendants allege their obligations to Plaintiffs and/or the putative class are unenforceable

15 because there has been an accord and satisfaction. Cal. Civ. Code §§ 1521-1523.

16

## SEVENTEENTH AFFIRMATIVE DEFENSE

17

### (Adequate Remedy at Law)

18      Defendants allege Plaintiffs and/or the putative class have an adequate remedy at law.

19 Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

20

## EIGHTEENTH AFFIRMATIVE DEFENSE

21

### (No Standing)

22      Defendants allege Plaintiffs and/or the putative class have no standing to bring some or all of

23 the claims. Plaintiffs are not adequate class representatives nor does they have claims typical of the

24 putative class. Plaintiffs and/or the putative class also executed arbitration agreements that do not

25 permit them to bring claims on a class-wide basis. Additionally, Defendants did not employ Plaintiffs

26 and/or the putative class. Therefore, Plaintiffs and/or the putative class do not have standing to assert

27 claims against Defendants.

28 / / /

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

### NINETEENTH AFFIRMATIVE DEFENSE

2

### (Not Willful or Intentional)

3    Plaintiffs and/or the putative class are not entitled to any penalty award under any section of

4  the California Labor Code because, at all relevant times, Defendants did not willfully, knowingly, or

5  intentionally violate the compensation or other provisions of the California Labor Code, but rather

6  acted in good faith and had reasonable grounds for believing they did not violate those provisions.

7

### TWENTIETH AFFIRMATIVE DEFENSE

8

### (Off-Set and Recoupment)

9    Defendants are informed and believe and thereon allege that the Complaint is barred as

10  against Defendants as the amounts claimed are overstated or are subject to off-set and recoupment.

11

### TWENTY-FIRST AFFIRMATIVE DEFENSE

12

### (Compliance with Law)

13    Defendants allege that any recovery on the Complaint, or any cause of action contained

14  therein, may be barred by Defendants' compliance or substantial compliance with all applicable laws

15  underlying claims of Plaintiffs and/or the putative class on any alleged unfair or unlawful business

16  practices under Business & Professions Code § 17200. Defendants' business practices were not

17  unfair or unlawful within the meaning of Business & Professions Code § 17200.

18

### TWENTY-SECOND AFFIRMATIVE DEFENSE

19

### (Benefits Outweigh Impact)

20    Defendants are informed and believe and upon such information and belief allege that any

21  recovery on the Complaint or any claim for relief therein is barred because the benefits of the alleged

22  unfair business practices outweigh whatever particular harm or impact it may cause to an alleged

23  victim and therefore the business practice is not unfair under Business & Professions Code §§ 17200,

24  et seq.

25

### TWENTY-THIRD AFFIRMATIVE DEFENSE

26

### (No Intent to Injure)

27    Defendants are informed and believe and upon such information and belief allege that

28  Defendants had no intent to injure competitors or destroy competition, and no actual damages and/or

6

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1  losses were suffered, and therefore, they may not be held liable under Business and Professions Code

2  §§ 17200, et seq.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (In Pari Delicto)

Defendants are informed and believe and upon such information and belief allege that the claims are barred by reason of the fact Plaintiffs and/or members of the putative class have engaged in acts and courses of conduct which rendered Plaintiffs and/or members of the putative class in pari delicto.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Business Judgment Rule)

Defendants allege that any recovery on the Complaint, or any cause of action contained therein, may be barred by the Business Judgment Rule applicable to claims of unlawful business practices under Business & Professions Code § 17200.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Due Process and Equal Protection)

Any finding of liability pursuant to Business and Professions Code §§ 17200, et seq., would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under California's Unfair Competition Law are unduly vague and subjective.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (De Minimis Doctrine)

Without conceding there is any purported employment relationship, Defendants allege Plaintiffs' claims are barred in whole or in part because, even if Plaintiffs and/or the putative class were not paid for all work performed, such work is not compensable under the *de minimis* doctrine. Under this doctrine, an employer does not have to pay for insubstantial or insignificant periods of purported off-the-clock work.

/ / /

/ / /

7

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(**Arbitration Agreements**)

This putative class action may not be litigated in a judicial forum because members of the putative class are subject to mandatory, final, and binding arbitration agreements.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(**Preemption**)

Defendants allege the claims in the Complaint are preempted to the extent the state law claims set forth therein conflict with applicable federal law.

**THIRTIETH AFFIRMATIVE DEFENSE**

(**Claims Not Representative of Class**)

Defendants allege this suit may not be properly maintained as a class action because: (1) Plaintiffs cannot establish the procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of claims set forth in the Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiffs' claims are not representative or typical of the claims of the putative class; (5) Plaintiffs are not proper class representatives; (6) the named Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; (7) Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class; and/or (9) the alleged putative class is not ascertainable, nor are its members identifiable.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(**No Employment Relationship**)

The claims by Plaintiffs and/or the putative class for alleged failure to pay wages, including minimum and overtime wages, are barred to the extent they seek to recover wages for work that Defendants did not suffer or permit them to perform, or that was not performed while under the direction and control of Defendants. The claims are also barred because Defendants did not employ

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1 Plaintiffs and/or the putative class, directly or jointly, as Plaintiffs and/or the putative class were

2 independent contractors.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (No Joint Liability)

5 The claims by Plaintiffs and/or the putative class are barred because Defendants are separate,

6 distinct, and independent entities that cannot be held jointly and/or severally liable for any

7 misconduct alleged in the Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (No Knowledge)

10 The claims by Plaintiffs and/or the putative class for alleged failure to pay wages, including

11 minimum and overtime wages, are barred to the extent the individual(s) performed work without

12 Defendants' actual or constructive knowledge.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Not Unpaid Wages)

15 The claims by Plaintiffs and/or the putative class premised on an alleged failure to provide

16 meal and rest periods do not support an award of unpaid wages, or any other recovery based on an

17 award of unpaid wages, because an action under California Labor Code § 226.7 is not an action to

18 recover unpaid wages. (*Kirby v. Immoos Fire Protection, Inc*. (2012) 53 Cal. 4th 1244.)

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

#### (Lack of Manageability)

21 Plaintiffs' class claims and representative claims for PAGA penalties are barred because they

22 are not manageable, or would otherwise fail to satisfy the standards applicable to class or

23 representative PAGA claims. (*See, e.g., Brown v. Am. Airlines, Inc.*, 2015 WL 6735217, at \*3-4

24 (C.D. Cal. Oct. 5, 2015); *Ortiz v. CVS Caremark Corp*., 2014 WL 1117614, at \*3-4 (N.D. Cal. Mar.

25 19, 2014).)

26 / / /

27 / / /

28 / / /

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

2

### (No Retroactivity)

3      In May 2018, the California Supreme Court adopted a new test to govern the question of

4   whether a person is an independent contractor for the limited purpose of California's Wage Orders.

5   *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018). The ABC test represents a

6   significant departure from prior law. Thus, *Dynamex* should not be applied retroactively for due

7   process reasons. Instead, California's longstanding test for misclassification under *S.G. Borello &*

8   *Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341 (1989) should be applied.

9

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

10

### (Dynamex Only Applies to Wage Orders)

11      Plaintiffs' claims for unreimbursed expenses, unlawful deductions, waiting time penalties,

12   and inaccurate wage statements do not arise under the Wage Orders but are instead premised on the

13   California Labor Code. *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018)

14   facially does not apply beyond claims brought under the Wage Orders. California's test under *S.G.*

15   *Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341 (1989) applies to these

16   claims.

17

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

18

### (PAGA Duplicative Recovery)

19      Defendants allege that Plaintiffs and every person on whose behalf relief is sought, are not

20   entitled to recovery of penalties under PAGA if such penalties are sought in addition to penalties for

21   the same claims, and such duplicative recovery is barred and constitutes unjust enrichment.

22

## THIRTY-NINTH AFFIRMATIVE DEFENSE

23

### (PAGA Unconstitutional)

24      Plaintiffs' Complaint and each purported cause of action therein based on alleged violations

25   of PAGA is barred on the grounds that PAGA is unconstitutional because it authorizes private

26   counsel to represent the public absent procedural safeguards required by the California Supreme

27   Court to ensure neutrality and, therefore, violates the separation of powers guaranteed by the

28   California Constitution.

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

### FORTIETH AFFIRMATIVE DEFENSE

#### (PAGA Due Process)

The penalties claims in Plaintiffs' Complaint, as applied to Plaintiffs and all others they purport to represent by this action, are excessive and therefore violate Defendants' rights under the state and federal constitutions.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (PAGA Notice)

The PAGA claims are barred to the extent Plaintiffs failed to comply with the notice requirements set forth under California Labor Code §§ 2698 et seq.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (No Declaratory Relief)

Declaratory relief is improper because the court's declaration or determination is not necessary or proper under the circumstances.

### FORTY-THIRD AFFIRMATIVE DEFENSE

#### (Arbitrary and Confiscatory Penalties)

Imposition of any civil penalty award against Defendants would be unjust, arbitrary and capricious, and confiscatory. Recovery is also barred to the extent the accumulation of penalties would be so disproportionate to the harm alleged as to violate due process under the Constitutions of the United States and the State of California.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

#### (Additional Defenses)

Defendants allege that because Plaintiffs' Complaint is couched in conclusory terms, Defendants reserve their right to amend or add additional affirmative defenses as they become known through the course of investigation and discovery.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiffs and/or putative class take nothing by the Complaint on file herein, and that the Complaint be dismissed with prejudice;

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1      2.      That judgment be entered in favor of Defendants;

2      3.      For costs of suit incurred herein, including reasonable attorney fees where available;

3  and

4      4.      For such other and further relief as the Court may deem just and proper.

5

6  DATED:  February 13, 2019                    OGLETREE, DEAKINS, NASH, SMOAK &
7                                               STEWART, P.C.

8

9                                              By:

10                                                  Spencer C. Skeen
                                                    Marlene M. Moffitt
11                                                  Tim L. Johnson
                                                 Attorneys for Defendants
12

13

14                                                                        37130928.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

1  Spencer C. Skeen, CA Bar No. 182216
   spencer.skeen@ogletree.com
2  Marlene M. Moffitt, CA Bar No. 223658
   marlene.moffitt@ogletree.com
3  Tim L. Johnson, CA Bar No. 265794
   tim.johnson@ogletree.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   4370 La Jolla Village Drive, Suite 990
5  San Diego, CA  92122
   Telephone:     858-652-3100
6  Facsimile:     858-652-3101

7  Attorneys for Defendants WORLD FINANCIAL GROUP
   INSURANCE AGENCY, INC. and WORLD FINANCIAL GROUP,
8  INC.

9                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF SAN FRANCISCO**

11

12  TRICIA YEOMANS, ISMAIL CHRAIBI,              Case No. CGC-18-572397
    ADRIAN RODRIGUEZ, ROBERT JENKINS,
13  and DOROTHY JENKINS, individually and on     [Assigned for all purposes to The Honorable
    behalf of all others similarly situated,     Teri L. Jackson, Dept. 206]
14
              Plaintiff,                          **PROOF OF SERVICE**
15
         vs.                                      Action Filed:     December 28, 2018
16                                                Trial Date:       None set
    WORLD FINANCIAL GROUP INSURANCE
17  AGENCY, INC., a California corporation;
    WORLD FINANCIAL GROUP, INC., a
18  Georgia corporation; and DOES 1 to 100,
    inclusive
19
              Defendants.
20

21

22

23

24

25

26

27

28

37048770_1

PROOF OF SERVICE

**PROOF OF SERVICE**
*Tricia Yeomans, et al. v. World Financial Group Insurance Agency, Inc., et al.*
Case No.  CGC-18-572397

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made.  My business address is 4370 La Jolla Village Drive, Suite 990, San Diego, California 92122.

On February 13, 2019, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

☒ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 4370 La Jolla Village Drive, Suite 990, San Diego, California 92122.

☐ **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Diego, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

☐ [State Court motion, opposition or reply only] in accordance with Code of Civil Procedure section 1005(b):

☐ [Federal Court] in accordance with the written confirmation of counsel in this action and order of the court:

☐     **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐     **BY PERSONAL SERVICE:** I caused to be delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Addressee(s)

Stanley D. Saltzman
Adam M. Tamburelli
Marlin & Saltzman, LLP
29800 Agoura Road, Suite 210
Agoura Hills, CA 91301
(818) 991-8080 / Fax:  (818) 991-8081
ssaltzman@marlinsaltzman.com
atamburelli@marlinsaltzman.com

Attorneys for Plaintiffs Tricia Yeomans, Ismail
Chraibi, Adrian Rodriguez, Robert Jenkins and
Dorothy Jenkins

☒     (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐     (Federal)     I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    Executed on February 13, 2019, at San Diego, California.

Michelle Doan

Type or Print Name                                              Signature

37048822.1

2