Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Marlene M. Moffitt CA Bar No. 223658
marlene.moffitt@ogletree.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Jesse C. Ferrantella CA Bar No. 279131
jesse.ferrantella@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:    858.652.3100
Facsimile:    858.652.3101

Attorneys for Defendants WORLD FINANCIAL GROUP INSURANCE AGENCY, INC. and
WORLD FINANCIAL GROUP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA YEOMANS, ISMAIL CHRAIBI, ADRIAN RODRIGUEZ, ROBERT JENKINS, DOROTHY JENKINS, CAMERON BRADFORD and FATEMEH ABTAHI individually and on behalf of all others similarly situated and aggrieved,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD FINANCIAL GROUP INSURANCE AGENCY, INC., a California corporation; WORLD FINANCIAL GROUP, INC., a Delaware corporation; and DOES 1 to 100, inclusive<br><br>Defendants. | Case No. 19-CV-00792-EMC<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendants World Financial Group Insurance Agency, Inc. ("WFGIA") and World Financial Group, Inc. ("WFG") (together, "Defendants") answer the First Amended Class Action Complaint ("Complaint") filed by Plaintiffs Tricia Yeomans, Ismail Chraibi, Adrian Rodriguez, Robert Jenkins, Dorothy Jenkins, Cameron Bradford, and Fatemeh Abtahi (together, "Plaintiffs").

## ARBITRATION

The Court lacks jurisdiction and is an improper venue to adjudicate Plaintiffs' claims. Plaintiffs entered into valid and enforceable forum selection clauses, which require the claims be adjudicated in Georgia. Plaintiffs also agreed to binding, individual arbitration of their claims, and Defendants intend to compel arbitration of their claims once this case is in the proper venue. In filing this Answer, Defendants in no way waive their right to transfer venue in accordance with these forum selection clauses or waive their rights to compel individual arbitration of the claims.

## RELEVANT BACKGROUND

### BUSINESS PLATFORM AND INDEPENDENT CONTRACTOR ASSOCIATES

WFG is a marketing company headquartered in Johns Creek, Georgia, whose affiliated companies are engaged in the recommendation, offer, or sale of insurance and financial services and products. WFG offers a business platform to individuals throughout the United States who seek to run their own independent financial services and/or insurance businesses. WFG does not recommend, offer, or sell insurance. WFG is an affiliated entity of WFGIA, a licensed insurance agency. WFGIA markets the independent insurance business platform.

Before December 2018, the relationship between WFG and individuals like Plaintiffs ("Associates") began by entering into an Associate Membership Agreement ("AMA"). The AMAs make clear that Associates are independent contractors, not employees.

Beginning in December 2018, WFG stopped entering into AMAs with Associates. Since then, Associates have contracted directly with WFGIA. They begin by entering into an Associate Acknowledgement and Non-Disclosure Agreement with WFGIA. Then, if Associates obtain all necessary insurance licenses, they enter into an Agent Agreement with WFGIA. The Agent Agreements also make clear that Associates are independent contractors, not employees.

/ / /

**SALE OF PRODUCTS**

Provided that they are appropriately licensed and appointed with product providers and comply with regulatory requirements, Associates may choose which products to recommend, offer, or sell to their prospects or clients. Defendants do not dictate which products Associates recommend, but all products sold through WFGIA must be on WFGIA's approved list.

**MARKETING MATERIALS AND TRAINING**

Because the insurance industry is heavily regulated, licensed and appointed Associates must maintain errors and omissions insurance and must comply with all applicable laws and regulations, including training and other requirements mandated by state and federal authorities. Defendants make some marketing materials available to Associates. If Associates want printed marketing materials, they must pay for them at Associate's expense. Associates may choose whether to use provided marketing materials or they can create their own marketing materials, which must be approved for regulatory reasons. Provisions in the AMA regarding marketing materials developed or approved by Defendants are intended to implement various regulatory obligations and requirements and help Associates remain compliant with the regulatory obligations. They are not intended to control or limit Associates' development or use of their own sales and recruiting strategies. Similarly, Defendants do not require Associates to use training materials they make available to Associates. Associates also have the option to use and purchase training and materials from third-party vendors, at their own expense.

**COMMISSIONS**

Associates are paid commissions. They earn commissions in two basic ways: (1) from the sale of the products they themselves sell; and (2) "override" commission from the sale of products sold by "downline" associates within a sales "hierarchy," so long as the "upline" Associate is licensed to sell the product on which the commission is based. To receive commission on insurance products, Associates must have obtained all necessary insurance licenses and appointments required to recommend, offer, or sell insurance. Many Associates have active insurance licenses when they first become associated with Defendants. WFG pays commissions to Associates as "paymaster" for WFGIA. WFGIA sets the commission schedules and rules regarding commission payments.

Associates can advance to different levels with different commission percentages. An associate who advances to a Marketing Director or Senior Marketing Director level signs an agreement known as a Marketing Director Agreement ("MDA"). Regardless of the title, Associates remain independent contractors and are not employees of Defendants.

**REFERRAL FEES**

Associates can also receive referral fees for referring customers for products available from non-affiliated vendors. Associates may choose which vendors to refer to their prospects or clients. Defendants do not dictate which vendors Associates refer their customers. But all vendors and their products to which referrals are made through WFGIA must be on WFGIA's approved list.

**EXPENSES**

Associates are required to carry errors and omissions insurance and pay license fees and a platform fee. If they decide to incur other expenses related to their business, that is their choice and they cover those expenses.

**HOURS WORKED**

Defendants do not determine or control the schedules of Associates or amount of time spent on WFG-related activities, attendance at meetings, or which particular strategies to develop and use. Defendants do not direct or control how much time, if any, Associates spend on activities related to Defendants. Associates may decide for themselves how much time they want to dedicate to their association with Defendants. Defendants do not track or record time spent by Associates on WFG-related activities.

**COVENANTS IN THE AMAS**

The AMAs contain non-interference, non-recruitment, and non-disclosure covenants to protect trade secrets and legitimate business interests. But Associates still have freedom to manage and run their own businesses using the WFG business platform.

Defendants incorporate by reference the proceeding paragraphs, as though set forth in full, in the below responses to the allegations in the Complaint, where applicable. Furthermore, the allegations in the Complaint suggest WFG and WFGIA are one and the same. As noted above, they are not. Defendants deny allegations to the contrary.

## INTRODUCTION

1.      In answering Paragraph 1, due to the vague and ambiguous nature of and use of the phrase "stated business purpose," Defendants admit WFG is a marketing company whose affiliated companies are engaged in the recommendation, offer, or sale of insurance and financial services and products. WFG offers a business platform to individuals throughout the United States who seek to run their own independent financial services and/or insurance businesses. WFG is an affiliated entity of WFGIA, a licensed insurance agency. WFGIA markets the independent insurance business platform. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

2.      In answering Paragraph 2, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

3.      In answering Paragraph 3, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

4.      Defendants state the allegations in Paragraph 4 of the Complaint consist of legal conclusions and/or Plaintiffs' characterization of their own Complaint, and therefore, do not require a response. If a response is required, Defendants admit Plaintiffs intend to bring this action on behalf of themselves and others and seek monetary damages and other relief. Defendants deny Plaintiffs have viable claims or are entitled to damages and deny any claims they allege may be prosecuted as a class or representative action. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

5.      Defendants state the allegations in Paragraph 5 of the Complaint consist of legal conclusions and/or Plaintiffs' characterization of their own Complaint, and therefore, do not require a response. If a response is required, Defendants admit Plaintiffs executed AMAs when they entered into a relationship with WFG. Defendants deny the AMAs are identical. Defendants lack sufficient knowledge or information at this time about the putative class members to form a belief about whether all of them signed AMAs, and on such basis, Defendants deny those allegations. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

6.      In answering Paragraph 6, Defendants admit there are different levels for Associates and individuals can attain a higher level if they satisfy certain criteria. Defendants admit these levels include Training Associate, Associate, Marketing Director, and Senior Marketing Director. Defendants admit there are compensation plans for these levels. Defendants admit they make some marketing materials available to Associates. Associates may choose whether to use provided marketing materials or they can create their own marketing materials, which must be approved for regulatory reasons. Defendants admit that provided Associates are appropriately licensed and appointed with product providers and comply with regulatory requirements, Associates may choose which products to recommend, offer, or sell to their prospects or clients. Defendants do not dictate which products Associates recommend, but all products sold through WFGIA must be on WFGIA's approved list. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

7.      In answering Paragraph 7, Defendants admit they have a protected interest in their company information. Defendants deny Plaintiffs' accurately characterize the rights and provisions set forth in the AMAs, and therefore, deny the remaining allegations. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

8.      Defendants state the allegations in Paragraph 8 of the Complaint constitute legal conclusions and/or purported statements of the law rather than factual allegations or consist of Plaintiffs' characterization of their own Complaint, and therefore, do not require a response. If a response is required, Defendants admit Plaintiffs contracted with WFG to be independent contractors and Defendants did not pay them a wage based on hours worked. Defendants admit Plaintiffs earned compensation based on commission and referral fees. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

9.      In answering Paragraph 9, Defendants contend this Paragraph consists entirely of legal conclusions and/or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

10.     In answering Paragraph 10, Defendants contend this Paragraph consists entirely of legal conclusions and/or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

11.     In answering Paragraph 11, Defendants contend this Paragraph consists entirely of legal conclusions and/or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

12.     In answering Paragraph 12, Defendants contend this Paragraph consists entirely of legal conclusions and/or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants deny they did not properly compensate Plaintiffs for the services provided, if any. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

## JURISDICTION AND VENUE

13.     In answering Paragraph 13, Defendants admit they are located in a state different from Plaintiffs, the putative class as defined by Plaintiffs includes more than 100 potential members, and the amount in controversy based on Plaintiffs' allegations exceeds $5,000,000. Defendants deny Plaintiffs are entitled to damages and deny any claims may be prosecuted as a class or representative action. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

14.     In answering Paragraph 14, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

15.     Defendants state the allegations in Paragraph 15 of the Complaint constitute Plaintiffs' characterization of their own Complaint, and therefore, do not require a response. If a response is required, Defendants admit Plaintiffs may have performed activities as independent contractors in California. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

/ / /

**PARTIES**

16.     In answering Paragraph 16, Defendants admit Plaintiff Tricia Yeomans signed her AMA in or around February 2012 and has the title of Senior Marketing Director. Defendants deny she is or was ever an employee. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and on that basis, deny the remaining allegations.

17.     In answering Paragraph 17, Defendants admit Plaintiff Ismail Chraibi signed his AMA in or around July 2014 and his most recent title was Senior Marketing Director. Defendants deny he was ever an employee. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and on that basis, deny the remaining allegations.

18.     In answering Paragraph 18, Defendants admit Plaintiff Adrian Rodriguez signed his AMA in or around December 2014 and his relationship with Defendants ended in or around June 2018. His most recent title was Marketing Director. Defendants deny he was ever an employee. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and on that basis, deny the remaining allegations.

19.     In answering Paragraph 19, Defendants admit Plaintiff Robert Jenkins signed an AMA with Defendants in or around March 2014 and his relationship with Defendants ended in around June 2019. His most recent title was Training Associate. Defendants deny he held the title of Marketing Director. Defendants deny that he was ever an employee. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and on that basis, deny the remaining allegations.

20.     In answering Paragraph 20, Defendants admit Plaintiff Dorothy Jenkins signed an AMA with Defendants in or around December 2013 and holds the title of Marketing Director. Defendants deny she is or was ever an employee. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and on that basis, deny the remaining allegations.

21.     In answering Paragraph 21, Defendants admit Plaintiff Cameron Bradford signed an AMA with Defendants in or about May 2013 and his relationship with Defendants ended in or around November 2018. His most recent title was Marketing Director. Defendants deny he was ever an

employee. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and on that basis, deny the remaining allegations.

22.      In answering Paragraph 22, Defendants admit Plaintiff Fatemeh Abtahi signed an AMA with Defendants in or about August 2016 and her relationship with Defendants ended in December 2018. Her most recent title was Marketing Director. Defendants deny she was ever an employee. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and on that basis, deny the remaining allegations.

23.      In answering Paragraph 23, Defendants contend this Paragraph consists entirely of Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

24.      In answering Paragraph 24, Defendants admit WFGIA incorporated in California. But at all relevant times, WFGIA has had its principal place of business in Georgia. WFGIA is headquartered in Georgia and its core executive and administrative functions have occurred there. Defendants admit WFGIA did business in California during the applicable period. Defendants deny WFGIA employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

25.      In answering Paragraph 25, Defendants admit WFG incorporated in Delaware. However, at all relevant times, WFG has had its principal place of business in Georgia. WFG is headquartered in Georgia and its core executive and administrative functions have occurred there. Defendants admit WFG did business in California during the applicable period. Defendants deny WFG employed Plaintiffs. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

26.      In answering Paragraph 26, Defendants admit they are wholly-owned subsidiaries of AEGON N.V. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

27.      In answering Paragraph 27, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, as they pertain to other unknown and unnamed individuals and/or entities other than Defendants, and on that basis, Defendants deny the allegations.

28.     In answering Paragraph 28, Defendants contend this Paragraph consists entirely of legal conclusions and/or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, as they pertain to other unknown and unnamed individuals and/or entities other than Defendants, and on that basis, Defendants deny the allegations.

29.     In answering Paragraph 29, Defendants contend this Paragraph consists entirely of legal conclusions and/or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, as they pertain to other unknown and unnamed individuals and/or entities other than Defendants, and on that basis, Defendants deny the allegations.

30.     In answering Paragraph 30, Defendants contend this Paragraph consists entirely of legal conclusions and/or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations, as they pertain to other unknown and unnamed individuals and/or entities other than Defendants, and on that basis, Defendants deny the allegations. Defendants deny Plaintiffs have viable claims, deny they caused and Plaintiffs are entitled to damages, and deny any claims they allege may be prosecuted as a class or representative action. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

## SUBSTANTIVE ALLEGATIONS

### A.     Defendants' Business Model

31.     In answering Paragraph 31, Defendants contend this Paragraph consists of legal conclusions and/or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, due to the vague and ambiguous nature of and use of the phrase "integral and essential aspect," Defendants are without knowledge or information sufficient to form a belief as to the allegations, and on that basis deny same. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

/ / /

32.     In answering Paragraph 32, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

33.     In answering Paragraph 33, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

34.     In answering Paragraph 34, due to the vague and ambiguous nature of and use of the phrase "principal business operation," Defendants are without knowledge or information sufficient to form a belief as to the allegations, and on that basis, deny same. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

35.     In answering Paragraph 35, Defendants admit Associates are classified as independent contractors. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

36.     In answering Paragraph 36, Defendants admit Plaintiffs contracted with WFG to be independent contractors and Defendants did not pay them a wage based on hours worked. Defendants admit Plaintiffs earned compensation based on commission and other compensation. Defendants admit that Associates were able to create their own schedules and as such Defendants did not control Associates' meal or rest periods, but deny Plaintiffs or other Associates did not have an opportunity to take meal breaks at any time, at any place, and for any length of time. Due to the vague and ambiguous nature of and use of the phrase "business expenses," Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny same. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

37.     In answering Paragraph 37, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

**B.     Defendants' Misclassification of Plaintiffs and Class Members**

38.     In answering Paragraph 38, Defendants contend this Paragraph is comprised entirely of legal conclusions or is merely a characterization of Plaintiffs' own Complaint, to which a response is not required. If a response is required, Defendants admit the Labor Code and IWC Wage Orders

speak for themselves. Defendants deny they employed Plaintiffs and/or members of the putative class. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

39.     In answering Paragraph 39, Defendants contend this Paragraph is comprised entirely of legal conclusions or purported statements of law, to which a response is not required. If a response is required, Defendants admit the IWC Wage Orders and legal opinions speak for themselves. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

40.     In answering Paragraph 40, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

41.     In answering Paragraph 41, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

42.     In answering Paragraph 42, Defendants admit an Associate's relationship with WFG was governed, in part, by the AMA. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

43.     In answering Paragraph 43, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

44.     In answering Paragraph 44, Defendants admit that AMAs signed by Plaintiffs speak for themselves. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

45.     In answering Paragraph 45, Defendants admit that AMAs signed by Plaintiffs speak for themselves. Defendants admit they exercise control to ensure regulatory compliance. Defendants admit they have a protected interest in their company information and relationships with certain product providers. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

46.     In answering Paragraph 46, Defendants contend this Paragraph is comprised at least in part of legal conclusions and/or is merely a characterization of Plaintiffs' own Complaint, to which a response is not required. If a response is required, Defendants admit the AMAs signed by Plaintiffs

speak for themselves. Defendants admit that certain marketing materials and company information constitute trade secrets. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

47.     In answering Paragraph 47, Defendants admit the AMAs signed by Plaintiffs speak for themselves. Defendants admit they must approve an Associate's sales material to ensure regulatory compliance. But Associates can develop their own marketing materials, which are subject to such approval for regulatory reasons. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

48.     In answering Paragraph 48, Defendants admit the AMAs signed by Plaintiffs speak for themselves. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

49.     In answering Paragraph 49, Defendants admit the AMAs signed by Plaintiffs speak for themselves. Defendants admit they set the commission structure and such compensation may change over time. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

50.     In answering Paragraph 50, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

51.     In answering Paragraph 51, Defendants contend this Paragraph is comprised at least in part of legal conclusions and/or is merely a characterization of Plaintiffs' own Complaint, to which a response is not required. If a response is required, Defendants admit the AMAs signed by Plaintiffs speak for themselves. Defendants admit Associates may choose to pursue their own training opportunities. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

52.     In answering Paragraph 52, Defendants admit the AMAs signed by Plaintiffs speak for themselves. Associates maintain their own errors and omissions insurance coverage through an insurance company designated by Defendants. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

/ / /

53.     In answering Paragraph 53, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

54.     In answering Paragraph 54, Defendants the AMAs signed by Plaintiffs speak for themselves. Defendants admit certain marketing materials and company information lists constitute trade secrets. Defendants admit the AMAs signed by Plaintiffs provide WFG may terminate the relationship with an Associate, in accordance with the provisions of the AMA. The Associate may also cease to provide services at any time. Defendants deny Plaintiffs' accurately characterize the rights and provisions set forth in the AMA, and therefore, deny the remaining allegations. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

55.     In answering Paragraph 55, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or is merely a characterization of Plaintiffs' own Complaint, to which a response is not required. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

56.     In answering Paragraph 56, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or is merely a characterization of Plaintiffs' own Complaint, to which a response is not required. If a response is required, Defendants admit that in providing services for Defendants, Associates cannot sell products through WFGIA that are not approved by WFGIA for regulatory reasons, but Associates may choose which products to market or sell to their clients or prospects. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

57.     In answering Paragraph 57, Defendants deny Plaintiffs and all Associates are uniformly required to incur the alleged expenses. Defendants admit Associates must carry errors and omissions insurance and pay a platform fee and license fees. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

58.     In answering Paragraph 58, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or is merely a characterization of Plaintiffs' own Complaint, to which as

1   response is not required. If a response is required, Defendants deny, generally and specifically, each

2   and every allegation in this Paragraph.

3       **C.   Defendants' Failure to Pay Overtime Wages**

4       59.    In answering Paragraph 59, Defendants contend this Paragraph is comprised entirely

5   of legal conclusions and/or purported statements of law to which a response is not required. If a

6   response is required, Defendants admit the Labor Code and IWC Wage Orders speak for themselves.

7   Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly

8   admitted, Defendants deny, generally and specifically, each and every remaining allegation in this

9   Paragraph.

10      60.    In answering Paragraph 60, Defendants contend this Paragraph is comprised entirely

11  of legal conclusions and/or purported statements of law to which a response is not required. If a

12  response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they

13  employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants

14  deny, generally and specifically, each and every remaining allegation in this Paragraph.

15      61.    In answering Paragraph 61, Defendants contend this Paragraph is comprised entirely

16  of legal conclusions and/or purported statements of law to which a response is not required. If a

17  response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they

18  employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants

19  deny, generally and specifically, each and every remaining allegation in this Paragraph.

20      62.    In answering Paragraph 62, Defendants contend this Paragraph is comprised entirely

21  of legal conclusions and/or purported statements of law to which a response is not required. If a

22  response is required, Defendants admit IWC Wage Order speaks for itself. Defendants deny they

23  employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants

24  deny, generally and specifically, each and every remaining allegation in this Paragraph.

25      63.    Defendants contend this Paragraph is comprised entirely of legal conclusions and/or

26  purported statements of law to which a response is not required. If a response is required, Defendants

27  admit the IWC Wage Order speaks for itself. Defendants deny they employed Plaintiffs and/or

28

putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

64.     In answering Paragraph 64, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

D.     **Defendants' Failure to Provide Meal Periods**

65.     In answering Paragraph 65, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code and IWC Wage Order speak for themselves. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

66.     In answering Paragraph 66, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code and IWC Wage Order speak for themselves. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

67.     In answering Paragraph 67, Defendants deny they employed Plaintiffs and/or putative class members, and deny, generally and specifically, each and every allegation in this Paragraph.

68.     In answering Paragraph 68, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

69.     In answering Paragraph 69, Defendants admit Plaintiffs and Associates acted as independent contractors and created their own schedules, and as such, Defendants did not control their meal periods. Defendants deny Plaintiffs or other Associates did not have an opportunity to take meal breaks at any time, at any place, and for any length of time. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

70.     In answering Paragraph 70, Defendants admit Plaintiffs and Associates acted as independent contractors and created their own schedules, and as such, Defendants did not control

their meal periods. Defendants deny Plaintiffs or other Associates did not have an opportunity to take meal breaks at any time, at any place, and for any length of time. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

71.     In answering Paragraph 71, Defendants admit Plaintiffs and Associates acted as independent contractors and created their own schedules, and as such, Defendants did not control their meal periods. Defendants deny Plaintiffs or other Associates did not have an opportunity to take meal breaks at any time, at any place, and for any length of time. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

72.     In answering Paragraph 72, Defendants admit Plaintiffs and Associates acted as independent contractors and created their own schedules, and as such, Defendants did not control their meal periods. Defendants deny Plaintiffs or other Associates did not have an opportunity to take meal breaks at any time, at any place, and for any length of time, and deny Plaintiffs or Associates are entitled to the premium pay sought. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

**E.     Defendants' Failure to Permit and Compensate for Rest Periods**

73.     In answering Paragraph 73, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code and IWC Wage Order speak for themselves. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

74.     In answering Paragraph 74, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code and IWC Wage Order speak for themselves. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

/ / /

75.     In answering Paragraph 75, Defendants deny they employed Plaintiffs and/or putative class members, and deny, generally and specifically, each and every allegation in this Paragraph. Defendants further deny Plaintiffs or other Associates did not have an opportunity to take rest breaks at any time, at any place, and for any length of time.

76.     In answering Paragraph 76, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

77.     In answering Paragraph 77, Defendants admit Plaintiffs and Associates acted as independent contractors and created their own schedules, and as such, Defendants did not control their rest periods. Defendants deny Plaintiffs or other Associates did not have an opportunity to take rest breaks at any time, at any place, and for any length of time. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

78.     In answering Paragraph 78, Defendants admit Plaintiffs and Associates acted as independent contractors and created their own schedules, and as such, Defendants did not control their rest periods. Defendants deny Plaintiffs or other Associates did not have an opportunity to take rest breaks at any time, at any place, and for any length of time. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

79.     In answering Paragraph 79, Defendants admit Plaintiffs and Associates acted as independent contractors and created their own schedules, and as such, Defendants did not control their rest periods. Defendants deny Plaintiffs or other Associates did not have an opportunity to take rest breaks at any time, at any place, and for any length of time. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

80.     In answering Paragraph 80, Defendants admit Plaintiffs and Associates acted as independent contractors and created their own schedules, and as such, Defendants did not control their rest periods. Defendants deny Plaintiffs or other Associates did not have an opportunity to take rest breaks at any time, at any place, and for any length of time, and deny Plaintiffs or Associates are entitled to the premium pay sought. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

/ / /

**F.      Defendants' Failure to Maintain Adequate Employment Records and Failure to Provide Accurate Itemized Wage Statements**

81.      In answering Paragraph 81, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code and IWC Wage Order speak for themselves. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

82.      In answering Paragraph 82, Defendants deny they employed Plaintiffs and/or putative class members, and deny, their practices failed to comply with the IWC Wage Order and/or Labor Code.

83.      In answering Paragraph 83, Defendants deny they employed Plaintiffs and/or putative class members, and deny, their practices failed to comply with the referenced provisions.

**G.      Defendants' Failure to Indemnify Associates for Defendants' Business Expenses**

84.      In answering Paragraph 84, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

85.      In answering Paragraph 85, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the IWC Wage Order speaks for itself. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

86.      In answering Paragraph 86, due to the vague, far-reaching, and ambiguous nature of and use of the phrase "all business-related expenses and costs," Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny same.

**H.    Defendants' Unlawful Deductions from Associates' Wages**

87.    In answering Paragraph 87, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the IWC Wage Order speaks for itself. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

88.    In answering Paragraph 88, Defendants deny they employed Plaintiffs and/or putative class members, and deny, their practices failed to comply with the IWC Wage Order and/or Labor Code.

**I.    Defendants' Failure to Pay Wages Due on Termination**

89.    In answering Paragraph 89, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

90.    In answering Paragraph 90, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

91.    In answering Paragraph 91, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

**J.    Defendants' Conduct Violated PAGA**

92.    In answering Paragraph 92, Defendants lack sufficient knowledge or information about the truth of the allegations pertaining to Plaintiffs' notice to the LWDA and, on those grounds, deny those allegations. The remaining Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code speaks for itself. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

/ / /

/ / /

# CLASS ALLEGATIONS

93.     In answering Paragraph 93, Defendants admit Plaintiffs bring this action on behalf of themselves and a putative class. Defendants deny class certification is appropriate and deny Plaintiffs are entitled to the relief sought. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

94.     In answering Paragraph 94, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants admit the Federal Rules of Civil Procedure speak for themselves, and that Plaintiffs bring this action on behalf of themselves and a putative class. Defendants deny class certification is appropriate and deny Plaintiffs are entitled to the relief sought. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

95.     In answering Paragraph 95, Defendants contend the Paragraph is comprised entirely of Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants admit Plaintiffs bring this action on behalf of themselves and a putative class. Defendants deny class certification is appropriate and deny Plaintiffs are entitled to the relief sought. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

96.     In answering Paragraph 96, as noted in their removal papers, Defendants admit there are more than one hundred putative class members as the putative class is defined by Plaintiffs, and that Defendants keep certain records of Associates with whom they contract. Defendants deny class certification is appropriate and deny Plaintiffs are entitled to the relief sought. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

97.     In answering Paragraph 97, Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations pertaining to Plaintiffs or their attorneys and, on those grounds, deny same. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

98.     In answering Paragraph 98 and its subparts, Defendants deny, generally and specifically, each and every allegation in this Paragraph, including its subparts.

99.     In answering Paragraph 99, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

100.    In answering Paragraph 100, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

101.    In answering Paragraph 101 and its subparts, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants deny, generally and specifically, each and every allegation in this Paragraph, including its subparts.

102.    In answering Paragraph 102, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

103.     In answering Paragraph 103, Defendants contend the Paragraph is comprised entirely of Plaintiffs' characterization of their own Complaint, and legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the California Labor Code, IWC Wage Orders, and California Business and Professions Code speak for themselves. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

104.    In answering Paragraph 104, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants are currently without knowledge or information sufficient to form a belief as to the information alleged regarding unknown hypothetical scenarios, and therefore, denies same. Defendants deny class certification is appropriate and deny Plaintiffs are entitled to the relief sought. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

105.    In answering Paragraph 105, Defendants are currently without knowledge or information sufficient to form a belief as to the information alleged regarding unknown hypothetical scenarios, and therefore, denies same. Defendants deny class certification is appropriate and deny Plaintiffs are entitled to the relief sought. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

106.    In answering Paragraph 106, Defendants deny class certification is appropriate and deny Plaintiffs are entitled to the relief sought. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

107.    In answering Paragraph 107, Defendants deny class certification is appropriate and deny Plaintiffs are entitled to the relief sought. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

108.    In answering Paragraph 108, Defendants deny class certification is appropriate and deny Plaintiffs are entitled to the relief sought. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

## **FIRST CAUSE OF ACTION**

109.    In answering Paragraph 109, Defendants restate and incorporate by reference their answer to all of the preceding Paragraphs, as though fully set forth herein.

110.    In answering Paragraph 110, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code and IWC Order speak for themselves. Defendants deny they employed Plaintiffs and/or putative class members. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

111.    In answering Paragraph 111, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law or Plaintiffs' characterization of their own Complaint, to which a response is not required. If a response is required, Defendants deny they employed Plaintiffs and/or putative class members. Defendants lack sufficient information or

1    knowledge to form a belief about the truth of the remaining allegations and, on those grounds, deny

2    the same.

3        112.    In answering Paragraph 112, Defendants admit Plaintiffs seek declaratory relief

4    against Defendants. Except as herein expressly admitted, Defendants deny, generally and

5    specifically, each and every remaining allegation in this Paragraph, and deny Plaintiffs are entitled

6    to the relief sought.

**SECOND CAUSE OF ACTION**

8        113.    In answering Paragraph 113, Defendants restate and incorporate by reference their

9    answer to all of the preceding Paragraphs, as though fully set forth herein.

10       114.    In answering Paragraph 114, Defendants deny, generally and specifically, each and

11   every allegation in this Paragraph.

12       115.    In answering Paragraph 115, Defendants presently lack sufficient information or

13   knowledge to form a belief about the truth of the allegations regarding "working hours" of Plaintiffs

14   and all putative class members deny the allegations. Except as herein expressly admitted, Defendants

15   deny, generally and specifically, each and every remaining allegation in this Paragraph.

16       116.    In answering Paragraph 116, Defendants deny, generally and specifically, each and

17   every allegation in this Paragraph.

18       117.    In answering Paragraph 117, Defendants contend this Paragraph is comprised entirely

19   of legal conclusions and/or purported statements of law to which a response is not required. If a

20   response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they

21   employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and

22   specifically, each and every remaining allegation in this Paragraph.

23       118.    In answering Paragraph 118, Defendants contend this Paragraph is comprised entirely

24   of legal conclusions and/or purported statements of law to which a response is not required. If a

25   response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they

26   employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and

27   specifically, each and every remaining allegation in this Paragraph.

28

119.    In answering Paragraph 119, Defendants contend this Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code speaks for itself. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

120.    In answering Paragraph 120, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

121.    In answering Paragraph 121, Defendants admit Plaintiffs seek damages, wages, liquidated damages, and other relief against Defendants. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

**THIRD CAUSE OF ACTION**

122.    In answering Paragraph 122, Defendants restate and incorporate by reference their answer to all of the preceding Paragraphs, as though fully set forth herein.

123.    In answering Paragraph 123, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code and IWC Wage Orders speak for themselves. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

124.    In answering Paragraph 124, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

125.    In answering Paragraph 125, Defendants admit Plaintiffs seek unpaid wages, interest, fees, and costs of suit. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

**FOURTH CAUSE OF ACTION**

126.    In answering Paragraph 126, Defendants restate and incorporate by reference their answer to all of the preceding Paragraphs, as though fully set forth herein.

127.    In answering Paragraph 127, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code and Wage Orders speak for themselves. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

128.    In answering Paragraph 128, Defendants deny they employed Plaintiffs and/or putative class members, and deny, generally and specifically, each and every allegation in this Paragraph. Plaintiffs and Associates acted as independent contractors and created their own schedules, and as such, Defendants further deny Plaintiffs or other Associates did not have an opportunity to take meal breaks at any time, at any place, and for any length of time.

129.    In answering Paragraph 129, Defendants admit Plaintiffs seek unpaid premium pay. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

## FIFTH CAUSE OF ACTION

130.    In answering Paragraph 130, Defendants restate and incorporate by reference their answer to all of the preceding Paragraphs, as though fully set forth herein.

131.    In answering Paragraph 131, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Wage Order speaks for itself. Defendants deny they employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

132.    In answering Paragraph 132, Defendants deny they employed Plaintiffs and/or putative class members, and deny, generally and specifically, each and every allegation in this Paragraph. Plaintiffs and Associates acted as independent contractors and created their own schedules and as such, Defendants further deny Plaintiffs or other Associates did not have an opportunity to take rest breaks at any time, at any place, and for any length of time.

133.    In answering Paragraph 133, Defendants deny they employed Plaintiffs and/or putative class members, and deny, generally and specifically, each and every allegation in this

Paragraph. Plaintiffs and Associates acted as independent contractors and created their own schedules and as such, Defendants further deny Plaintiffs or other Associates did not have an opportunity to take rest breaks at any time, at any place, and for any length of time.

134.    In answering Paragraph 134, Defendants admit Plaintiffs seek unpaid premium pay. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

**SIXTH CAUSE OF ACTION**

135.    In answering Paragraph 135, Defendants restate and incorporate by reference their answer to all of the preceding Paragraphs, as though fully set forth herein.

136.    In answering Paragraph 136, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code and Wage Orders speak for themselves. Defendants deny they employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

137.    In answering Paragraph 137 and its subparts, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Wage Orders speak for themselves. Defendants deny they employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every allegation in this Paragraph and its subparts.

138.    In answering Paragraph 138, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

139.    In answering Paragraph 139, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

140.    In answering Paragraph 140, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

1

**SEVENTH CAUSE OF ACTION**

2       141.    In answering Paragraph 141, Defendants restate and incorporate by reference their

3  answer to all of the preceding Paragraphs, as though fully set forth herein.

4       142.    In answering Paragraph 142, Defendants contend the Paragraph is comprised entirely

5  of legal conclusions and/or purported statements of law to which a response is not required. If a

6  response is required, Defendants admit the Labor Code and Wage Orders speak for themselves.

7  Defendants deny they employed Plaintiffs. Except as herein expressly admitted, Defendants deny,

8  generally and specifically, each and every allegation in this Paragraph.

9       143.    In answering Paragraph 143, Defendants deny, generally and specifically, each and

10  every allegation in this Paragraph.

11      144.    In answering Paragraph 144, Defendants admit Plaintiffs seek unreimbursed business

12  expenses and related interest and/or penalties. Except as herein expressly admitted, Defendants deny,

13  generally and specifically, each and every remaining allegation in this Paragraph, and deny Plaintiffs

14  are entitled to the relief sought.

15

**EIGHTH CAUSE OF ACTION**

16      145.    In answering Paragraph 145, Defendants restate and incorporate by reference their

17  answer to all of the preceding Paragraphs, as though fully set forth herein.

18      146.    In answering Paragraph 146, Defendants contend the Paragraph is comprised entirely

19  of legal conclusions and/or purported statements of law or consist of Plaintiffs' characterization of

20  their own Complaint, and therefore, do not require a response. If a response is required, Defendants

21  admit the Labor Code speaks for itself. Except as herein expressly admitted, Defendants deny,

22  generally and specifically, each and every allegation in this Paragraph.

23      147.    In answering Paragraph 147, Defendants contend the Paragraph is comprised entirely

24  of legal conclusions and/or purported statements of law or consist of Plaintiffs' characterization of

25  their own Complaint, and therefore, do not require a response. If a response is required, Defendants

26  deny, generally and specifically, each and every allegation in this Paragraph.

27      148.    In answering Paragraph 148, Defendants admit Plaintiffs seek relief in the form of

28  allegedly unlawful deductions, related penalties, costs and attorneys' fees, and other relief. Except

as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

## NINTH CAUSE OF ACTION

149.    In answering Paragraph 149, Defendants restate and incorporate by reference their answer to all of the preceding Paragraphs, as though fully set forth herein.

150.    In answering Paragraph 150, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

151.    In answering Paragraph 151, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

152.    In answering Paragraph 152, Defendants admit Plaintiffs seek relief in the form of penalties, damages, costs and attorneys' fees, and other relief. Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

## TENTH CAUSE OF ACTION

153.    In answering Paragraph 153, Defendants restate and incorporate by reference their answer to all of the preceding Paragraphs, as though fully set forth herein.

154.    In answering Paragraph 154, Defendants contend the Paragraph is comprised entirely of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code speaks for itself. Defendants deny they employed Plaintiffs. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph.

/ / /

155.    In answering Paragraph 155, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

156.    In answering Paragraph 156, Defendants admit Plaintiffs seek relief in the form of penalties, damages, costs and attorneys' fees, and other relief. If a response is required, Defendants deny, generally and specifically, each and every allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

**ELEVENTH CAUSE OF ACTION**

157.    In answering Paragraph 157, Defendants restate and incorporate by reference their answer to all of the preceding Paragraphs, as though fully set forth herein.

158.    In answering Paragraph 158 and its subparts, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

159.    In answering Paragraph 159 and its subparts, Defendants contend the Paragraph is comprised of legal conclusions and/or purported statements of law to which a response is not required. If a response is required, Defendants admit the Labor Code speaks for itself. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every allegation in this Paragraph and its subparts.

160.    In answering Paragraph 160, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

161.    In answering Paragraph 161, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

162.    In answering Paragraph 162, Defendants admit Plaintiffs seek relief in the form restitution and restoration of monies allegedly withheld. Except as herein expressly admitted, Defendants deny, generally and specifically, each and every remaining allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

163.    In answering Paragraph 163, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

164.    In answering Paragraph 164, Defendants contend the Paragraph consists entirely of legal conclusions and/or Plaintiffs' characterization of their own Complaint, and therefore, does not

1   require a response. If a response is required, Defendants deny, generally and specifically, each and

2   every allegation in this Paragraph.

3       165.   In answering Paragraph 165, Defendants admit Plaintiffs seek relief in the form of

4   injunctive relief. If a response is required, Defendants deny, generally and specifically, each and

5   every allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

6   **TWELFTH CAUSE OF ACTION**

7       166.   In answering Paragraph 166, Defendants restate and incorporate by reference their

8   answer to all of the preceding Paragraphs, as though fully set forth herein.

9       167.   In answering Paragraph 167, Defendants deny, generally and specifically, each and

10  every allegation in this Paragraph.

11      168.   In answering Paragraph 168, Defendants deny, generally and specifically, each and

12  every allegation in this Paragraph.

13      169.   In answering Paragraph 169, Defendants deny, generally and specifically, each and

14  every allegation in this Paragraph.

15  **THIRTEENTH CAUSE OF ACTION**

16      170.   In answering Paragraph 170, Defendants restate and incorporate by reference their

17  answer to all of the preceding Paragraphs, as though fully set forth herein.

18      171.   In answering Paragraph 171, Defendants contend the Paragraph is comprised entirely

19  of legal conclusions and/or purported statements of law to which a response is not required. If a

20  response is required, Defendants admit the Labor Code and Wage Orders speak for themselves.

21  Defendants deny they employed Plaintiffs. Except as herein expressly admitted, Defendants deny,

22  generally and specifically, each and every allegation in this Paragraph.

23      172.   In answering Paragraph 172, Defendants deny, generally and specifically, each and

24  every allegation in this Paragraph.

25      173.   In answering Paragraph 173, Defendants deny, generally and specifically, each and

26  every allegation in this Paragraph.

27      174.   In answering Paragraph 174, Defendants deny, generally and specifically, each and

28  every allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

175.     In answering Paragraph 175, Defendants deny, generally and specifically, each and every allegation in this Paragraph, and deny Plaintiffs are entitled to the relief sought.

176.     In answering Paragraph 176, Defendants presently lack sufficient information or knowledge to form the belief about the truth of the allegations asserted in this Paragraph. On those grounds, Defendants deny, generally and specifically, each and every allegation in this Paragraph.

## PRAYER FOR RELIEF

**Answer to Plaintiffs' Prayer for Relief and all Subparts**: Defendants deny Plaintiffs, the putative class, or allegedly aggrieved employees are entitled to the relief Plaintiffs seek in the prayer for relief or in any subparts and/or numerical prayers sought therein.

## GENERAL DENIAL

All other allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Without admitting they carry the burden of proof as to the issues raised thereby, Defendants assert the following separate and distinct affirmative defenses to the Complaint, and each purported cause of action therein and pray for judgment as set forth below. Defendants also give notice they intend to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendants reserve the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction, Improper Venue)

The Complaint, and each of its causes of action, is barred because this Court lacks jurisdiction and is an improper venue to adjudicate Plaintiffs' claims. The Parties entered into valid and enforceable forum selection clauses, which require that Plaintiffs' claims be adjudicated in Georgia.

## SECOND AFFIRMATIVE DEFENSE

### (Arbitration Agreements)

This action may not be litigated in a judicial forum because Plaintiffs are subject to mandatory, final, and binding arbitration agreements that do not permit them to bring claims in this Court or on a class-wide basis. And this action, insofar as it seeks recovery of wages, statutory

penalties, or other victim-specific relief for Plaintiffs or any persons they seek to represent, may not be litigated in a judicial forum because Plaintiffs and the persons they seek to represent are subject to mandatory, final, and binding arbitration agreements. *Esparza v. KS Industries, L.P*. (2017) 13 Cal.App.5th 1228, 1243.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Defendants contend the Complaint is barred, in whole or in part, because it fails to state a claim for which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants contend the claims of Plaintiffs are barred by applicable statutes of limitation including, but not limited to, Code of Civil Procedure §§ 338, 339, 340, and 343; California Labor Code §§ 203 and 2699; California Business and Professions Code § 17208; and any other applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

### (Independent Contractors/No Employment Relationship)

The claims in the Complaint are barred because Defendants did not employ Plaintiffs and/or the putative class, directly or jointly. Plaintiffs and the putative class acted as independent contractors at all times and were exempt from the provisions of the California Labor Code, the Wage Orders of California's Industrial Welfare Commission, and/or any other applicable law or regulation.

## SIXTH AFFIRMATIVE DEFENSE

### (Exempt)

The claims in the Complaint are barred because, even if Defendants employed Plaintiffs and/or the putative class (which Defendants deny), Plaintiffs were at all times exempt under various exemptions, including but not limited to, the Outside or Commissioned Sales Exemption, the Executive Exemption, and/or the Administrative Exemption.

/ / /

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' claims are barred by the doctrine of unclean hands. Plaintiffs and/or the putative class, through their actions and representations, led Defendants to believe they were properly paid and received all wages (assuming Plaintiffs and/or putative class members were employees of Defendants, which Defendants deny) and other payments to which they were legally entitled.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches, Release, Res Judicata)**

The claims in the Complaint are barred under the doctrines of waiver, estoppel, and laches. Plaintiffs and/or the putative class unreasonably delayed in asserting their causes of action after knowing of the injuries alleged in the Complaint. Defendants neither knew nor had reason to know of the alleged acts and omissions complained of in this case. Plaintiffs and/or the putative class failed to provide such notice and, therefore, are barred from bringing their claims. The claims are also barred to the extent Plaintiffs and/or the putative class released Defendants from liability for the claims alleged in the Complaint. The claims and issues are also barred to the extent they have been litigated and adjudicated.

**NINTH AFFIRMATIVE DEFENSE**

**(Reasonable Grounds)**

The claims in the Complaint are barred, in whole or in part, because Defendants had reasonable grounds for believing their actions did not violate the law.

**TENTH AFFIRMATIVE DEFENSE**

**(Consent)**

The claims in the Complaint are barred because Plaintiffs and/or the putative class consented and agreed to the conduct about which they now complain.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Wage Statement Claim)**

Any recovery on the Complaint regarding the allegations of Defendants' failure to furnish itemized statements is barred because of the independent contractor status and/or exempt status of

Plaintiffs and the putative class (assuming Plaintiffs and/or putative class members were employees of Defendants, which Defendants deny). Further, the claims are barred because Plaintiffs and/or the putative class suffered no injury and Defendants did not knowingly or intentionally fail to provide accurate wage statements.

## TWELFTH AFFIRMATIVE DEFENSE

### (Excuse)

The claims in the Complaint are barred, in whole or in part because Defendants' acts and/or omissions were excused.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Reimbursement Claim)

The Complaint fails to properly state a claim for expense reimbursement and/or unlawful deductions under the California Labor Code because, even if Plaintiffs and/or the putative class were employees of Defendants (which Defendants deny), Plaintiffs and/or the putative class failed to advise Defendants or submit to Defendants any proof or documents showing any alleged expenditures or losses were necessarily incurred by Plaintiffs and/or the putative class in the direct consequence of the discharge of their duties and/or incurred primarily to benefit Defendants. And if Plaintiffs and/or the putative class are entitled to reimbursement for business expenses, any recovery on the Complaint regarding their claim under the California Labor Code is barred because the amounts paid to them included and exceeded amounts purportedly owed for reimbursable business expenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Wages Due and Owing)

The claims in the Complaint must fail as no wages were due and owing to Plaintiffs and/or the putative class at the times material to their allegations, and no unauthorized deductions from wages occurred.

/ / /

/ / /

/ / /

1

2

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Earned Wages)

3

4

Plaintiffs' claims for unauthorized deductions are barred because the applicable Labor Code provisions do not apply to wages not yet earned.

5

6

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages/Failure to Mitigate)

7

8

9

10

11

Defendants allege Plaintiffs and/or the putative class have suffered no damages because of any alleged act or omission of Defendants, and even had Plaintiffs and/or the putative class suffered damages or injuries, all or some portion of the damages or injuries were caused or attributable to the failure of the Plaintiffs and/or the putative class to take reasonable action to mitigate said damages or injuries, if any.

12

13

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

14

15

16

17

18

Defendants allege without conceding any wages and/or monies due or any employment relationship with Plaintiffs and/or the putative class, there exists a good faith dispute regarding the payment of wages and/or monies and that Plaintiffs and/or the putative class members were properly classified as independent contractors and as to the alleged violations of law. So penalties are not warranted under the California Labor Code and/or PAGA.

19

20

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Indemnification and Contribution)

21

22

23

Under the independent contractor agreements, Plaintiffs and/or the putative class expressly agreed to indemnify Defendants for the claims in the Complaint and contribute to any damages awarded.

24

25

## NINETEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

26

27

28

Defendants allege their obligations to Plaintiffs and/or the putative class are unenforceable because there has been an accord and satisfaction. Cal. Civ. Code §§ 1521-1523.

/ / /

## TWENTIETH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Defendants allege Plaintiffs and/or the putative class have an adequate remedy at law. So injunctive, equitable, and/or declaratory relief is inappropriate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Standing/Arbitration)

Defendants allege Plaintiffs and/or the putative class have no standing to bring some or all of the claims. Plaintiffs are not adequate class representatives nor do they have claims typical of the putative class. Plaintiffs and/or the putative class also executed arbitration agreements that do not permit them to bring claims in this Court or on a class-wide basis. And Defendants did not employ Plaintiffs and/or the putative class. Plaintiffs and/or the putative class do not have standing to assert claims against Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Not Willful or Intentional)

Plaintiffs and/or the putative class are not entitled to any penalty award under any section of the California Labor Code because, at all relevant times, Defendants did not willfully, knowingly, or intentionally violate the compensation or other provisions of the California Labor Code, but acted in good faith and had reasonable grounds for believing they did not violate those provisions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Off-Set and Recoupment)

Defendants are informed and believe and thereon allege the Complaint is barred as against Defendants as the amounts claimed are overstated or are subject to off-set and/or recoupment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Compliance with Law, No Unfair Practices)

Defendants allege any recovery on the Complaint, or any cause of action contained therein, may be barred by Defendants' compliance or substantial compliance with all applicable laws underlying claims of Plaintiffs and/or the putative class on any alleged unfair or unlawful business practices under California Business & Professions Code §§ 17200 *et seq.*.

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Benefits Outweigh Impact)

3

Defendants are informed and believe and upon such information and belief allege any

4

recovery on the Complaint or any claim for relief therein is barred because the benefits of the alleged

5

unfair business practices outweigh whatever particular harm or impact it may cause to an alleged

6

victim, and therefore, the business practice is not unfair under California Business & Professions

7

Code §§ 17200 *et seq.*

8

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

9

### (No Intent to Injure)

10

Defendants are informed and believe and upon such information and belief allege Defendants

11

had no intent to injure competitors or destroy competition and no actual damages and/or losses were

12

suffered, and therefore, they may not be held liable under California Business and Professions Code

13

§§ 17200 *et seq.*

14

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15

### (No Injury in Fact)

16

Defendants allege Plaintiffs' claims for unfair business practices are barred because they

17

suffered no injury-in-fact.

18

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

19

### (Business Judgment)

20

Plaintiffs' claims for unfair business practices are barred because Defendant at all applicable

21

times exercised reasonable business judgment.

22

## TWENTY-NINTH AFFIRMATIVE DEFENSE

23

### (Due Process and Equal Protection)

24

Any finding of liability under California Business and Professions Code §§ 17200 *et seq.*,

25

would violate the Due Process and Equal Protection Clauses of the United States and California

26

Constitutions because the standards of liability under California's Unfair Competition Law are

27

unduly vague and subjective.

28

/ / /

## THIRTIETH AFFIRMATIVE DEFENSE

### (De Minimis Doctrine)

Without conceding there is any purported employment relationship, Defendants allege Plaintiffs' claims are barred in whole or in part because, even if Plaintiffs and/or the putative class were not paid for all work performed, such work is not compensable under the *de minimis* doctrine.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Preemption)

Defendants allege the claims in the Complaint are barred and/or preempted to the extent the legal claims set forth therein conflict with applicable federal law and/or regulation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Claims Not Representative of Class)

Defendants allege this suit may not be properly maintained as a class action because: (1) a class action is not an appropriate or superior method for the fair and efficient adjudication of claims set forth in the Complaint; (2) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (3) Plaintiffs' claims are not representative or typical of the claims of the putative class; (4) the named Plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; (5) Plaintiffs' claims are unmanageable; and (6) the alleged putative class is not ascertainable, nor are its members identifiable.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Direction or Control)

The claims by Plaintiffs and/or the putative class for alleged failure to pay wages, including minimum and overtime wages, and related claims, are barred as they seek to recover wages for work that Defendants did not suffer or permit them to perform, or that was not performed while under the direction and control of or for the benefit of Defendants.

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Joint Liability)

The claims by Plaintiffs and/or the putative class are barred because Defendants are separate, distinct, and independent entities that cannot be held jointly and/or severally liable for any misconduct alleged in the Complaint.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Knowledge)

Without conceding there is any purported employment relationship, the claims by Plaintiffs and/or the putative class for alleged failure to pay wages, including minimum and overtime wages, are barred to the extent the individual(s) performed work without Defendants' actual or constructive knowledge.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Reasonable Opportunity to Take Meal and Rest Periods)

Without conceding there is any purported employment relationship, the claims by Plaintiffs and/or the putative class premised on a failure to provide meal or rest periods are barred because Defendants provided the opportunity to take meal and rest periods in accordance with the law; employees did not have to work during any meal or rest period; and any failure by Plaintiffs and/or the putative class to take a meal or rest period was due to their own election and not any acts or omissions by Defendants.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Meal and Rest Periods Authorized and Permitted)

Without conceding there is any purported employment relationship, the claims by Plaintiffs premised on a failure to provide meal or rest periods fail because Plaintiffs and/or the putative class were authorized and permitted to take meal and rest periods.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Not Unpaid Wages)

The claims by Plaintiffs and/or the putative class premised on an alleged failure to provide meal and rest periods do not support an award of unpaid wages, or any other recovery based on an

1  award of unpaid wages, because an action under California Labor Code § 226.7 is not an action to

2  recover unpaid wages. (*Kirby v. Immoos Fire Protection, Inc*. (2012) 53 Cal. 4th 1244.)

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Manageability)

5  Plaintiffs' class claims and representative claims for PAGA penalties are barred because they

6  are not manageable, or otherwise fail to satisfy the standards applicable to class or representative

7  PAGA claims. (*See, e.g., Brown v. Am. Airlines, Inc.*, 2015 WL 6735217, at *3-4 (C.D. Cal. Oct. 5,

8  2015); *Ortiz v. CVS Caremark Corp*., 2014 WL 1117614, at *3-4 (N.D. Cal. Mar. 19, 2014).)

### FORTIETH AFFIRMATIVE DEFENSE

### (No Retroactivity)

11  In May 2018, the California Supreme Court adopted a new test to govern the question of

12  whether a person is an independent contractor for the limited purpose of California's Wage Orders.

13  *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018). The ABC test represents a

14  significant departure from prior law. *Dynamex* should not be applied retroactively for due process

15  reasons. Instead, California's longstanding test for misclassification under *S.G. Borello & Sons, Inc.*

16  *v. Department of Industrial Relations*, 48 Cal.3d 341 (1989) should be applied.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Dynamex Only Applies to Wage Orders)

19  *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (2018) facially does not

20  apply beyond claims brought under the Wage Orders. Thus, California's test under *S.G. Borello &*

21  *Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341 (1989) applies to all claims that do

22  not arise under the wage orders.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (PAGA Duplicative Recovery)

25  Defendants allege Plaintiffs and every person on whose behalf relief is sought, are not entitled

26  to recovery of penalties under PAGA if such penalties are sought in addition to penalties for the same

27  claims, and such duplicative recovery is barred and constitutes unjust enrichment.

28  / / /

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (PAGA Unconstitutional)

Plaintiffs' Complaint and each purported cause of action therein based on alleged violations of PAGA is barred because PAGA is unconstitutional because it authorizes private counsel to represent the public absent procedural safeguards required by the California Supreme Court to ensure neutrality, and therefore, violates the separation of powers guaranteed by the California Constitution.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (PAGA Due Process)

The penalties claims in Plaintiffs' Complaint, as applied to Plaintiffs and all others they purport to represent by this action, are excessive, and therefore, violate Defendants' rights under the state and federal constitutions.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (PAGA Notice)

The PAGA claims are barred to the extent Plaintiffs failed to comply with the notice and administrative exhaustion requirements set forth under California Labor Code §§ 2698 et seq. and 2699.3.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (No Declaratory Relief)

Declaratory relief is improper because the Court's declaration or determination is not necessary or proper under the circumstances.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Arbitrary and Confiscatory Penalties)

Imposition of any civil penalty award against Defendants would be unjust, arbitrary, and confiscatory. Recovery is also barred if the accumulation of penalties would be so disproportionate to the harm alleged as to violate due process under the Constitutions of the United States and the State of California.

/ / /

/ / /

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Conduct)

The Complaint, and each of its causes of action, is barred in whole or in part because any loss, injury, damage, or detriment alleged in the Complaint resulted from the acts or omissions of Plaintiffs and was not due to any action or omission of Defendant.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

Plaintiffs' claims are barred because the applicable Wage Order does not support a private right of action, and Plaintiffs' exclusive remedies are an action before the California Labor Commissioner.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Incorporation)

If any class should be certified or representative or group action otherwise allowed to proceed in this matter, Defendants incorporate by reference, and re-allege as to the causes of action of each member of that class or group, all of the defenses as set forth above.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any additional defenses and matters in avoidance that may be disclosed during additional investigation and discovery, when and if the same have been ascertained. The pleading of a defense as an affirmative defense is not an admission or acknowledgement that Defendants bear the burden of proof on such defense, or waiver of any argument that Plaintiffs bear such burden.

## PRAYER

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiffs take nothing by their Complaint;

2. That the Court deny Plaintiffs' request to proceed on a class and/or representative basis;

3. That the Complaint herein be dismissed in its entirety with prejudice;

/ / /

1    4.    That Defendant recover its costs of suit herein, including its reasonable attorney fees;

2 and

3    5.    That the Court award such other and further relief as it deems appropriate.

4

5 DATED: September 10, 2019                OGLETREE, DEAKINS, NASH, SMOAK &
                                          STEWART, P.C.
6

7                                         By: */s/ Spencer C. Skeen*_____
8                                              Spencer C. Skeen
                                               Marlene M. Moffitt
9                                              Tim L. Johnson
                                               Jesse C. Ferrantella
10                                             Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

1

<u>CERTIFICATE OF SERVICE</u>

2   I hereby certify that on September 10, 2019, I electronically filed the foregoing with the Clerk

3 of the Court using the CM/ECF system which will send notification of such filing to the email

4 addresses denoted on the Notice of Electronic Filing.

5   I certify under penalty of perjury under the laws of the United States of America that the

6 foregoing is true and correct.  Executed on September 10, 2019.

7

8         By: */s/ Spencer C. Skeen*
             Spencer C. Skeen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT