Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Marlene M. Moffitt CA Bar No. 223658
marlene.moffitt@ogletree.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Jesse C. Ferrantella CA Bar No. 279131
jesse.ferrantella@ogletree.com
Cameron O. Flynn CA Bar No. 301830
cameron.flynn@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:     858.652.3100
Facsimile:     858.652.3101

Attorneys for Defendants WORLD FINANCIAL GROUP INSURANCE AGENCY, INC. and WORLD FINANCIAL GROUP, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA YEOMANS, ISMAIL CHRAIBI, ADRIAN RODRIGUEZ, ROBERT JENKINS, DOROTHY JENKINS, CAMERON BRADFORD and FATEMEH ABTAHI individually and on behalf of all others similarly situated and aggrieved,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD FINANCIAL GROUP INSURANCE AGENCY, INC., a California corporation; WORLD FINANCIAL GROUP, INC., a Delaware corporation; and DOES 1 to 100, inclusive<br><br>Defendants. | Case No. 19-CV-00792-EMC<br><br>**NOTICE OF MOTION TO STAY CASE PENDING APPEALS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>ORAL ARGUMENT REQUESTED<br><br>Date: March 25, 2021<br>Time: 1:30 p.m.<br>Zoom ID: 161 991 1861<br>Zoom Passcode: 912881 |

On March 25, 2021, at 1:30 p.m. in Courtroom 5 on the 17th floor of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants will move the Court for an order staying the action until resolution of their appeals with the United States Court of Appeals for the Ninth Circuit, Case Numbers 20-16937 and 20-73758.

The appeals seek to enforce forum-selection and arbitration clauses in the independent contractor agreements Plaintiffs entered into with Defendants. The Court denied the Motion to Transfer Venue and the Motion to Compel Arbitration, invalidating these provisions. However, if Defendants prevail on the appeals, Plaintiffs will have to arbitrate their claims in Georgia on an individual basis. They know this, so they are seeking to litigate their putative class claims now before the Ninth Circuit rules whether they have the right to do so. For this reason, Defendants seek a stay pending resolution of the appeals.

A stay is appropriate here because (1) the appeals raise serious legal questions; (2) Defendants will suffer irreparable harm absent a stay; (3) the balance of equities favors a stay; and (4) the public interest favors a stay.

Defendants make this Motion on this Notice of Motion to Stay the Case Pending Appeals, the Memorandum of Points and Authorities, the Declaration of Tim L. Johnson, all pleadings and papers on file, and such other argument and evidence presented to the Court.

DATED: February 16, 2021	OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Spencer C. Skeen*
　　Spencer C. Skeen
　　Marlene M. Moffitt
　　Tim L. Johnson
　　Jesse C. Ferrantella
　　Cameron O. Flynn
　　Attorneys for Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Defendants moved to transfer venue to the Northern District of Georgia under their independent contractor agreements (titled "Associate Membership Agreements" and referred to herein as "AMAs"). The Court denied that request, finding:

- Labor Code Section 925 applies to independent contractor misclassification cases, even though its plain terms only apply to an "employee" who signs an "employment contract" with a forum selection.

- Labor Code Section 925 governs the AMAs, even though Plaintiffs entered into them before January 1, 2017, and Section 925 only applies to employment contracts entered into or modified after January 1, 2017.

(ECF No. 55.)

Thereafter, Defendants sought alternative relief challenging the Court's jurisdiction. They moved to compel individual arbitration under the AMAs. The Court also denied that request. (ECF No. 82.) In doing so, it failed to hold a jury trial on the issue of formation of the arbitration agreements as contemplated by the Federal Arbitration Act ("FAA"), 9 U.S.C. Section 4. It also again applied standards only applicable to employees, including *Armendariz v. Foundation Health Psychare*, 24 Cal.4th 83 (2000).

Defendants appealed both of these rulings. It appealed the denial of the Motion to Transfer by way of writ of mandate. It appealed the denial of the Motion to Compel Arbitration by normal appeal. The appeals are pending. (Johnson Decl. ¶¶ 2-3.) Last Friday, the Ninth Circuit ordered Plaintiffs to respond to the appeal regarding the Motion to Transfer Venue, noting it raises issues that warrant an answer. (*Id.* ¶ 3, Ex. 1.)

If Defendants prevail on the appeals, Plaintiffs will have to arbitrate their claims in Georgia on an individual basis. They know this, so they are seeking to litigate their putative class claims now before the Ninth Circuit rules whether they have the right to do so. Last month, they propounded

significant discovery with the appeals pending.[1] (Johnson Decl. ¶¶ 4-7, Exs. 2-5.) Because of this, Defendants seek a stay pending resolution of the appeals.

In the Ninth Circuit, a court should grant a stay pending resolutions of appeals where (1) the moving party shows the appeals raise serious legal questions; (2) the moving party shows irreparable harm absent one; (3) the balance of equities favors one; and (4) the public interest favors one. *Nken v. Holder*, 556 U.S. 418, 426 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). "In weighing these factors, the Ninth Circuit has applied a 'sliding scale' approach whereby the factors are balanced 'so that a stronger showing of one … may offset a weaker showing of another.'" *Jimenez v. Menzies Aviation Inc.,* 2015 WL 5591722, at *2 (N.D. Cal. Sept. 23, 2015) (quoting *Leiva-Perez,* 640 F.3d at 964); *accord, e.g., Ward v. Estate of Goossen*, 2014 WL 7273911 (N.D. Cal. Dec. 22, 2014). Here, however, all four factors support a stay pending the appeals. For these reasons, the Court should grant one.

## II. THE APPEALS RAISE SERIOUS LEGAL QUESTIONS

To satisfy the first stay factor, the moving party need not persuade the court the appealed orders are erroneous. Rather, the moving party need show only the appeals present "a substantial question." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). Stated another way, the moving party need show only the appeals raise "serious legal questions." *Aviles v. Quik Pick Express, LLC*, 2016 WL 6902458, at *2 (C.D. Cal. Jan. 25, 2016) (quoting *Leiva-Perez*, 640 F.3d at 971); *see also Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012).

Labor Code Section 925 went into effect three years ago. To date, there have been 68 cases citing Section 925 since its passage, but not a *single case* from the Ninth Circuit. The appeal arising from the Motion to Transfer allows the Ninth Circuit to opine on whether Section 925 applies to independent-contactor misclassification cases, and if so, under what circumstances. It also provides

---

[1] Plaintiffs propounded 32 interrogatories and 126 document demands, seeking (1) the identity of putative class members; (2) contact information for putative class members; (3) work records for putative class members; (4) time records for putative class members; (5) work schedules for putative class members; (6) pay records for putative class members; (7) records and information relating to job-related activities for putative class members; (8) records and information relating to classification of putative class members and corporate policies and practices on wage/hour issues as they relate to putative class members; and (9) complaints made by putative class members regarding various wage/hour matters. (Johnson Decl. ¶¶ 4-7, Exs. 2-5.)

the Ninth Circuit a chance to comment on whether Section 925 is preempted by federal law favoring forum selection clauses, and the circumstances where a court may apply Section 925 to contracts entered into before January 1, 2017. These are important legal issues. Last Friday, the Ninth Circuit recognized as much when it ordered Plaintiffs to respond to the appeal, noting it raises issues that warrant an answer. (Johnson Decl. ¶ 3, Ex. 1.)

Likewise, the appeal arising from the Motion to Compel Arbitration raises critical legal questions, including whether the FAA requires a court to hold a limited jury trial on formation where Plaintiffs put the issue in dispute and Defendants requested a jury trial. *See GIB, LLC v. Salon Ware, Inc.*, 634 F. App'x 610, 611 (9th Cir. 2016). It also allows the Ninth Circuit to determine whether California's unconscionability doctrine set forth in *Armendariz* applies if the FAA governs, and if so, if it applies to independent-contractor misclassification cases like this one. *See also Mortillaro v. Dentons U.S. LLP*, No. 2:19-CV-04103, Slip Op. at *10-11, ECF No. 21 (C.D. Cal. Jul. 25, 2019) (preempting requirements of *Armendariz* not required of contracts generally).

The above issues are substantial as they go to the essence of the Court's jurisdiction over this action. The seriousness of these issues warrant a stay, including putative class discovery, pending the outcome of the appeals.

### III.  DEFENDANTS WILL SUFFER IRREPARABLE HARM ABSENT A STAY

Numerous courts have found that a defendant suffers irreparable harm if a court forces the defendant to litigate claims a pending appeal could make unnecessary. *Murphy v. DIRECTV, Inc.*, 2008 WL 8608808, at *2 (C.D. Cal. 2008); *see also, Aviles*, 2016 WL 6902458, at *4; *Zaborowski v. MHN Gov't Servs., Inc.*, 2013 WL 1832638, at *2 (N.D. Cal. 2013); *Jones v. Deutsche Bank AG*, 2007 WL 1456041, at *2 (N.D. Cal. 2007); *Stern v. Cingular Wireless Corp.*, 2006 WL 2790243, at *2 (C.D. Cal. 2006). The same is true if a court forces a defendant to litigate in a forum that a pending appeal seek to change, especially where litigation in the two forums differ in speed and economy (e.g., court versus arbitration). *Murphy*, 2008 WL 8608808, at *2 (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)); *accord, e.g., Hansen v. Rock Holdings, Inc.*, 2020 WL 3867652, at *3-4 (E.D. Cal. 2020)*; Ali v. JP Morgan Chase Bank*, 2014 WL 12691084, at *1 (N.D. Cal. Mar. 10, 2014); *Pokorny v. Quixtar Inc.*, 2008 WL 1787111, at *2 (N.D. Cal. Apr. 17,

2008); *Eberle v. Smith,* 2008 WL 238450, at *3 (S.D. Cal. Jan. 29, 2008); *Winig v. Cingular Wireless LLC,* 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006). If the defendant seeks to change to a more economical forum through an appeal, a court should not undermine the attempt by forcing the defendant to litigate before the appeal runs its course. Otherwise, the defendant will suffer irreparable harm. *Murphy,* 2008 WL 8608808, at *2; *see also Echevarria v. Aerotek, Inc.,* 2019 WL 3207812, at *3 (N.D. Cal. July. 16, 2019); *Revitch v. DirecTV, LLC,* 2018 WL 5906077, at *1 (N.D. Cal. Nov. 9, 2018).

Through the appeals, Defendants seek to force Plaintiffs to comply with the terms of the AMAs and arbitrate their claims in Georgia on an individual basis. If Defendants succeed on the appeals, Plaintiffs will have to litigate their claims in a different state and a different venue with more "streamlined" proceedings (arbitration). *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). Furthermore, Defendants will not have to litigate the putative class claims here or anywhere, and the appropriate court will stay representative claims under California's Private Attorneys General Act of 2004. Given this, the Court should not undermine the appeals by forcing Defendants to litigate the putative class claims before the Ninth Circuit rules on the appeals, including responding to class-wide discovery. To do otherwise will irreparably harm Defendants.

## IV.   THE BALANCE OF EQUITIES FAVORS A STAY

If the potential injury to an appealing party outweighs the general disadvantage to the non-appealing party caused by delay, the balance of equities supports a stay. *Bridge Fund Capital Corp. v. FastBuck Franchise Corp.*, 2009 WL 1325823, at *3 (E.D. Cal. May 12, 2009); *accord Hansen*, 2020 WL 3867652, at * 4 (same and granting a stay); *Echevarria,* 2019 WL 3207812, at *3.

As detailed above, if the Court forces Defendants to engage in potentially needless putative class discovery that Plaintiffs seek, they will lose the benefits of the appeals even if they prevail on them. On the other hand, Plaintiffs will not suffer prejudice or harm from a stay pending the appeals, especially considering the parties will complete the briefing venue appeal in March 2021, followed by the briefing on the arbitration appeal in April 2021. (Johnson Decl. ¶¶ 2-3, Ex. 1.) Thus, the balance of equities tips in favor of a stay.

## V. THE PUBLIC INTEREST FAVORS A STAY

The public interest weighs in favor of a stay where the parties could waste substantial judicial resources litigating claims an appeal later dismisses. In these circumstances, it preserves judicial resources to determine what and where to litigate before time and money is spent. *Aviles*, 2016 WL 6902458, at *4 (quotation marks omitted); *see also, e.g., Echevarria,* 2019 WL 3207812, at *3; *Zaborowski*, 2013 WL 1832638, at *3; *Richards v. Ernst & Young LLP*, 2012 WL 92738, at *4 (N.D. Cal. 2012).

The interests of judicial efficiency and conservation of resources favor a stay. It does not make sense for the Court and the parties to expend their resources battling over issues pertaining to class certification and class discovery, only to learn from the Ninth Circuit this is not the proper venue or forum or that Plaintiffs cannot pursue putative class claims. In contrast, no compelling public interest weighs against a stay. This final factor favors a stay too.

## VI. CONCLUSION

For the foregoing reasons, Defendants request the Court stay all further litigation activity, including discovery, pending resolution of the appeals to the Ninth Circuit.

DATED: February 16, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Spencer C. Skeen*
Spencer C. Skeen
Marlene M. Moffitt
Tim L. Johnson
Jesse C. Ferrantella
Cameron O. Flynn
Attorneys for Defendants

46038341.1

5   Case No. 19-CV-00792-EMC
MOTION TO STAY CASE PENDING APPEALS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 16, 2021.

By: */s/ Spencer C. Skeen*
Spencer C. Skeen