UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA YEOMANS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WORLD FINANCIAL GROUP INSURANCE AGENCY, INC., et al.,<br><br>    Defendants. | Case No.  19-cv-00792-EMC  (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 99 |

  Plaintiffs filed the instant putative class action against Defendants World Financial Group Insurance Agency, Inc. ("WFG Insurance") and World Financial Group, Inc. ("WFG"), alleging unlawful misclassification.  (First Amended Compl. ("FAC") ¶ 4, Dkt. No. 23.)  Defendants market financial and insurance products, and recruit individuals to work for Defendants as "Associates."  (FAC ¶ 1.)  Plaintiffs, however, assert that Defendants are operating "a massive pyramid scheme," where Associates are required to pay $100 application fee to join, pressured to purchase Defendants' products, required to recruit additional Associates, and trained to sell Defendants' products to the new Associates as soon as possible.  (FAC ¶¶ 2-3.)  Plaintiffs further allege that Associates are misclassified as independent contractors.  (FAC ¶ 4.)  Based on these actions, Plaintiffs assert violations of various California labor laws, as well as California's Private Attorneys General Act ("PAGA").  (*See* FAC ¶¶ 11, 92.)

  The presiding judge previously denied Defendants' motions to transfer the case to the Northern District of Georgia.  (Dkt. Nos. 55.)  Defendants filed a mandamus petition with the Ninth Circuit and moved to stay the case pending a ruling.  (Dkt. No. 89.)  On March 19, 2021, the presiding judge granted in part and denied in part Defendants' motion to stay.  (Order re Mot. to Stay at 1, Dkt. No. 94.)  The presiding judge found that Defendants would "not be prejudiced" if

the parties were permitted "to conduct reasonable pre-trial discovery while Defendants' appeals are pending." (*Id.* at 7.) Thus, the presiding judge stayed the case pending the mandamus petition as to motions on the merits of the case,[1] but allowed "reasonable discovery commensurate with that which would likely be permitted if the case was arbitrated . . . but also including discovery keyed to the PAGA claim which is likely to proceed in any event." (*Id.* at 8.) The presiding judge ordered the parties to meet and confer about the scope of discovery, "keeping in mind that this Court has allowed, in similar cases, focused discovery designed to allow Plaintiffs to secure and preserve the evidence needed to pursue Plaintiffs' PAGA claims otherwise at risk due to delay." (*Id.* (internal quotation omitted).) This could include, for example, individuals that might be covered by a PAGA claim, contact information, time and pay records related to the PAGA claim, and "depositions of witnesses whose testimony might be lost with the passage of time." (*Id.* at 9 (internal quotation omitted).)

At the March 25, 2021 case management conference, the presiding judge found that the PAGA claims were likely to proceed, and directed the parties "to meet and confer to figure out what type of PAGA discovery would be appropriate to move this case along in the next ninety days without being overly burdensome to Defendants." (Mar. 25, 2021 Minutes at 2, Dkt. No. 96.) The presiding judge observed that "high-level discovery pertaining to the PAGA claims may be appropriate." The presiding judge, however, "warned Plaintiffs against broad-based discovery pertaining to three[]hundred thousand PAGA aggrieved parties at this juncture," while also "admonish[ing] Defendants against refusing to cooperate with any discovery. (*Id.*) Finally, the presiding judge instructed the parties to file a discovery letter identifying any outstanding disputes and the parties' respective positions if the parties were unable to reach an agreement. (*Id.*)

On April 14, 2021, the parties filed the instant joint discovery letter. (Discovery Letter, Dkt. No. 99.) On April 16, 2021, the case was referred to the undersigned for discovery purposes. (Dkt. No. 100.)

---

[1] Defendants also sought a stay based on their appeal of the presiding judge's order denying their motion to compel arbitration. (Dkt. Nos. 82, 83.) The stay is based only on the mandamus petition, as the presiding judge found that Defendants' appeal of the arbitration order did not raise serious legal questions. (Order re Mot. to Stay at 8 n.2.)

1    Having reviewed the discovery letter, it is not apparent that the parties have adequately met
2    and conferred. For example, with respect to individual discovery, Plaintiffs assert that Defendants
3    should respond to certain Requests for Production ("RFP") and interrogatories, which apparently
4    seek professional relationship documents, amount and nature of the work performed,
5    compensation, complaints, debts and debit balances, and payments made between the parties.
6    (Discovery Letter at 1.) Defendants, in turn, state that they are willing to produce certain
7    discovery, including documents provided to Plaintiffs regarding the business platforms, any
8    written agreements with Plaintiffs, marketing and training materials, and documents concerning
9    commissions, referral fees paid to Plaintiffs, and fees paid by Plaintiffs. (Discovery Letter at 3.)
10   Based on this, it appears there is significant overlap between what Plaintiffs desire and Defendants
11   are willing to produce, so it is entirely unclear to the Court what disputes the parties still have, if
12   any.

13   With respect to PAGA-based discovery, Defendants contend that "PAGA discovery is
14   wholly inappropriate." (Discovery Letter at 2.) The presiding judge, however, already rejected
15   this contention, and Defendants cite no authority that PAGA discovery is not permitted in this
16   situation.[2] (*See* Order re Mot. to Stay at 8, Mar. 25, 2021 Minutes at 1-2.) If Defendants wish to
17   relitigate the presiding judge's ruling, Defendants should file a motion for leave to file a motion
18   for reconsideration; Defendants, however, may not disregard the presiding judge's ruling by
19   refusing all PAGA discovery.

20   That said, it also appears Plaintiffs' discovery requests are contrary to the presiding judge's
21   warning against "broad-based discovery." (Mar. 25, 2021 Minutes at 2.) Plaintiffs appear to
22   require production of over 60 RFPs and 20 interrogatories, some of which have no apparent
23   relevance to a PAGA claim including the ownership and corporate structure, licenses, document

---

[2] Defendants' reliance on *Aviles v. Quik Pick Express, LLC* is unpersuasive, as that case concerns a motion to stay. Case No. CV-15-5214-MWF (AGR), 2016 WL 6902458, at *1 (C.D. Cal. Jan. 25, 2016). Here, the presiding judge has already ruled on and denied Defendants' motion to stay with respect to discovery. Further, *Aviles* concerned an arbitration agreement that waived the PAGA claim; if the appellate court found that the PAGA waiver was valid, then PAGA discovery prior to an appellate decision would render the right to appeal meaningless. Defendants do not suggest that is the case here.

retention policies, facts supporting affirmative defenses, legal assertions against Defendants, employee studies, payments between Defendants and Transamerica,[3] and facility information. (Discovery Letter at 1-2.) To the extent Plaintiffs believe these RFPs and interrogatories are related to the PAGA claim, Plaintiffs have not so explained. It is not the Court's responsibility to review over 60 RFPs and 20 interrogatories to determine if and how the requests are related to the PAGA claim. Rather, it is Plaintiffs' role to explain, with specificity, why each request pertains to the "high-level discovery" that the presiding judge found appropriate.

Accordingly, the Court ORDERS the parties to, again, meet and confer by videoconference within **ten days** of the date of this order. The parties should discuss **each** RFP and interrogatory, including what Plaintiffs specifically seek, how it satisfies the "high-level discovery" or individual representative discovery that the presiding judge found was warranted, and what Defendants are willing to produce. If there are outstanding disputes, Plaintiffs must be prepared to explain why each discovery request in dispute is necessary "to move this case along in the next ninety days without being overly burdensome to Defendants." (Mar. 25, 2021 Minutes at 2.) Defendants, in turn, cannot resist discovery solely on the ground that PAGA discovery is not permitted absent a ruling from the presiding judge or Ninth Circuit otherwise. Further, the fact that documents do not exist is not a reason to compel or dispute discovery; documents that do not exist cannot be produced. Any discovery letter must comply with the undersigned's standing order provisions related to discovery disputes, including formatting and page limits.

IT IS SO ORDERED.

Dated: April 21, 2021

KANDIS A. WESTMORE
United States Magistrate Judge

---

[3] It is unclear what role Transamerica has in the challenged practices, as it is mentioned only once in the operative complaint. (FAC ¶ 26.)