**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRICIA YEOMANS; et al., | No. 20-16937 |
| Plaintiffs-Appellees, | D.C. No. 3:19-cv-00792-EMC |
| v. | |
| WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC., a California corporation; WORLD FINANCIAL GROUP, INC., a Georgia corporation, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

| | |
|---|---|
| In re: WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC.; WORLD FINANCIAL GROUP, INC., | No. 20-73758 |
| ------------------------------ | D.C. No. 3:19-cv-00792-EMC |
| WORLD FINANCIAL GROUP INSURANCE AGENCY, LLC., a California corporation; WORLD FINANCIAL GROUP, INC., a Georgia corporation, | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |
|---|
| Petitioners, |
| v. |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO, |
| Respondent, |
| TRICIA YEOMANS; et al., |
| Real Parties in Interest. |

Petition for Writ of Mandamus

Argued and Submitted September 14, 2021
San Francisco, California

Before: WALLACE, SCHROEDER, and FORREST, Circuit Judges.

World Financial Group, Inc. and World Financial Group Insurance Agency (collectively, World Financial Group) seek a writ of mandamus to force the district court to grant their motion to transfer venue to the Northern District of Georgia and appeal from the district court's denial of their motion to compel arbitration in plaintiffs' putative class action lawsuit. We have jurisdiction under 28 U.S.C. § 1651(a) and 9 U.S.C. § 16. We deny the mandamus petition and affirm the district court's order denying arbitration.

1. *Mandamus petition.* On direct appeal, we review the denial of a motion to transfer venue for abuse of discretion, *Jones v. GNC Franchising, Inc.*,

2

211 F.3d 495, 498 (9th Cir. 2000); therefore, review in mandamus proceedings is "especially deferential," *see In re United States*, 791 F.3d 945, 955 (9th Cir. 2015). While there are no specified time limits for seeking mandamus relief, 28 U.S.C. § 1651, "[l]aches might bar a petition for a writ of mandamus if the petitioner slept upon his rights . . . ." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 379 (2004) (quotation marks and citation omitted). Here, there was no "flurry of activity"—for example, a motion to reconsider or a motion for an interlocutory appeal—after the district court denied World Financial Group's motion to transfer venue to Georgia. *See id.* Instead, World Financial Group waited approximately eight months and then moved to compel arbitration. And it was over three months after the district court declined to compel arbitration before World Financial Group filed its Petition for Writ of Mandamus. This type of delayed action is what "make[s] the application of laches appropriate." *Id.*

    2.    ***Motion to Compel Arbitration***. We review the denial of a motion to compel arbitration de novo and the "findings of fact underlying th[at] . . . decision for clear error." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021). "We review a district court's decision not to sever unconscionable portions of an arbitration agreement for abuse of discretion." *Id.*

    First, the district court did not err in holding that World Financial Group failed to establish that plaintiff Adrian Rodriguez agreed to the arbitration clause,

*see Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014), and that the arbitration provisions were unconscionable, *see Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017). An arbitration agreement is unconscionable under California law if both substantive and procedural unconscionability are present, although they need not be in equal degrees—more of one makes up for less of the other. *See id.* Here, both elements are present. Plaintiffs have shown that there was surprise in the contracting process, *see Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 997 (9th Cir. 2010), and that some of the terms were "unreasonably favorable to [World Financial Group,] the more powerful party." *Poublon*, 846 F.3d at 1261 (citation omitted); *see also OTO, L.L.C. v. Kho*, 447 P.3d 680, 693 (Cal. 2019) (noting that "the unconscionability doctrine is concerned not with a simple old-fashioned bad bargain but with terms that are unreasonably favorable to the more powerful party") (quotation marks and citation omitted). Moreover, given the relatively high degree of procedural unconscionability and multiple unconscionable provisions, the district court did not abuse its discretion when it declined to sever the unconscionable provisions because the arbitration agreement lacked mutuality and "the central purpose . . . [wa]s tainted" with an intent to deter World Financial Group Associates, like plaintiffs, from enforcing their rights under California law. *Poublon*, 846 F.3d at 1272 (quotation marks and citation omitted); *see also Lim*, 8 F.4th at 1005–06.

4

Finally, it also was not error for the district court to decline to entertain World Financial Group's request for a jury trial on the parties' contract formation dispute. Only "the party alleged to be in default" of the arbitration agreement may demand a jury trial under the Federal Arbitration Act (FAA). 9 U.S.C. § 4. Here, the parties alleged to be in default are the plaintiffs, and the general demand for a jury trial in their operative complaint is insufficient to demand a jury trial under the FAA because they did not allege the existence of an arbitration agreement in their complaint. *See id.* (indicating that "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same" must be put at issue); *see also Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1349 (11th Cir. 2017).

The Petition for Writ of Mandamus is **DENIED**, and the denial of the Motion to Compel Arbitration is **AFFIRMED.**