1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6

7    TRICIA YEOMANS, et al.,                   Case No.  19-cv-00792-EMC
8                    Plaintiffs,
                                               **ORDER GRANTING IN PART AND**
9            v.                                **DENYING IN PART DEFENDANTS'**
                                               **MOTION FOR JUDGMENT ON THE**
10   WORLD FINANCIAL GROUP                      **PLEADINGS**
     INSURANCE AGENCY, INC., et al.,
11                                             Docket No. 119
                     Defendants.
12

13

14           Pending before the Court is Defendants' motions for judgment on the pleadings as to

15   Plaintiffs' Ninth Cause of Action, for failure to provide accurate itemized wage statements, and

16   Eleventh Cause of Action, for violation of California's Unfair Competition Law.  Docket No. 119.

17           For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants'

18   motion.

19                              I.       **BACKGROUND**

20   A.      Factual Background

21           Plaintiffs Tricia Yeomans, Ismail Chraibi, Adrian Rodriguez, Robert Jenkins, Dorothy

22   Jenkins, Cameron Bradford, and Fatemeh Abtahi allege the following on behalf of themselves and

23   a putative class of others similarly situate.  Defendants represent themselves as a financial- and

24   insurance-products marketing company; they recruit individuals as "Associates" and purport to

25   give people the tools "to build and operate their own financial services business."  *See* Docket No.

26   23 ("FAC") ¶ 1.  However, Plaintiffs assert that "Defendants conduct their business by way of a

27   massive pyramid scheme," wherein recruiting new Associates is one of the "main factors involved

28   in achieving promotions."  *Id*. ¶ 2.  Once someone is an Associate, Defendants pressure that

United States District Court
Northern District of California

person to "purchase Defendants' financial and insurance products" and to "sell financial and insurance products to the new Associates." *Id*. ¶ 3.

Central to Plaintiffs' case is their allegation that "Defendants have unlawfully misclassified Associates as 'independent contractors' rather than as employees" to further increase company profits. *Id*. ¶ 4. Specifically, each Associate is "required to sign identical, nonnegotiable Associate Membership Agreements ('AMAs')," which "set forth uniform rules and policies promulgated by Defendants, which subject Associates to strict control." *Id*. ¶ 5. "Plaintiffs and Class Members signed the AMAs." *Id*. Plaintiffs also contend that "Defendants completely control the overall operation of the business" and "retain the exclusive authority to hire and fire every Associate." *Id*. ¶¶ 6, 7. Furthermore, because of this classification, Associates earn only commissions, not minimum wage, and they bear the burden of business costs, which Defendants might otherwise bear. *Id*. ¶¶ 8, 9. In addition, Associates are improperly deprived of the protection of workers' compensation, the benefits of overtime pay, and meal and rest breaks. *Id*. ¶¶ 9, 10.

Plaintiffs allege thirteen causes of action arising from these facts. Relevant to the currently pending motion, Plaintiffs ninth cause of action alleges violations of Cal. Lab. Code § 226 for inadequate and/or failure to provide accurate, itemized wage statements. FAC ¶¶ 149-52. Plaintiffs allege that

> Defendants compensate all of the Associates exclusively via Defendants' commission plan, and Associates are not paid separately for any required non-sales activity, nor are they provided with or compensated for meal or rest periods. They did not receive pay stubs that, among other issues, recorded their rate of pay, the number of hours that they worked, or broke out the total hours of compensable rest and recovery periods.

*Id*. ¶ 36. "By willfully and intentionally misclassifying Associates, including Plaintiffs and Class Members, as independent contractors Defendants failed to pay them minimum wages. . .. [and] failed to provide accurate wage statements." *Id*. ¶ 10. Plaintiffs allege that wage statements provided by Defendants do not show all wages earned, all hours worked, or all applicable rates, in violation of the California Labor Code. *Id*. ¶ 81-83.

Additionally, Plaintiff's eleventh cause of action alleges violations of California's Unfair

1   Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et. seq.*

> Defendants have engaged and continue to engage in unfair and
> unlawful business practices in California by practicing, employing,
> and utilizing the policies, customs, and practices outlined above,
> including, to wit: (1) not paying all wages, including minimum
> wage, and overtime; (2) failing to pay all earned wages in a timely
> fashion; (3) failing to pay premium wages for meal and rest breaks
> not provided; (4) making improper deductions from compensation
> and failing to keep proper records as required by law; (5) failing to
> reimburse and/or indemnify Plaintiffs and Class Members for
> Defendants' necessary business expenses; (6) improperly classifying
> Plaintiffs and Class Members as independent contractors; and (7)
> Failing to pay all wages owed upon termination.

FAC ¶ 158.  Plaintiffs further allege Defendants have engaged and continue to engage in unfair

and unlawful business practices by requiring prospective Associates to pay a $100 application fee

in violation of Labor Code section 450, heavily recruiting members of the public to ensnare

thousands of individuals in Defendants' unlawful scheme, failing to pay employment-related

California and Federal taxes, and generally requiring putative class members to absorb

Defendants' costs of doing business.  *Id.* ¶¶ 157-165.

To remedy Plaintiffs' UCL claim, they seek "full restitution of monies, as necessary and

according to proof, to restore any and all monies withheld, acquired and/or converted by the

Defendants by means of the unfair practices complained of herein."  *Id.* ¶ 162.  They also request:

> [I]njunctive relief and on behalf of the general public, to prohibit
> Defendants from continuing to engage in the unlawful, deceptive,
> and unfair business practices complained of herein, as Defendants'
> strong emphasis on heavy recruitment harms the public at large by
> ensnaring thousands of individuals into Defendants' unlawful
> scheme.

*Id.* ¶ 165.

B.      Procedural Background

Plaintiffs filed this case in San Francisco Superior Court in December 2018. Defendants

removed the case to federal court in February 2019.  In June 2019, Plaintiffs filed a first amended

class action complaint.  *See* Docket No. 23.  Shortly after the FAC was filed, Defendants filed a

motion to transfer the case to the U.S. District Court for the Northern District of Georgia, Docket

No. 24, which the Court denied on November 16, 2019, Docket No. 55.  Defendants filed a

United States District Court
Northern District of California

1   mandamus petition asking the Ninth Circuit to transfer this case to the Northern District of

2   Georgia.

3          On June 18, 2020, Defendants filed a motion to compel arbitration, dismiss the class

4   claims, and stay the case.  Docket No. 73.  The Court denied the motion. Docket No. 82.

5   Defendants appealed. *See* Docket No. 83.

6          On November 17, 2021, the Ninth Circuit denied Defendants' petition for mandamus and

7   affirmed the Court's denial of Defendant's motion to compel arbitration.  Docket No. 116.  The

8   Ninth Circuit's mandate issued on December 9, 2021.

9          Now pending is Defendants' motion for judgment on the pleadings as to Plaintiff's ninth

10   (wage statements) and eleventh (UCL) causes of action.  Docket No. 119 ("Mot.").

## II.          STANDARD OF REVIEW

A.     Fed. R. Civ. P. 12(c): Judgment on the Pleadings

13          Pursuant to Fed. R. Civ. P. 12(c), "a party may move for judgment on the pleadings" after

14   the pleadings are closed "but early enough not to delay trial."  A Rule 12(c) motion is

15   "'functionally identical'" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and

16   therefore the same legal standard applies.  *Cafasso v. General Dynamics C4 Sys., Inc*., 637 F.3d

17   1047, 1055 n.4 (9th Cir. 2011).

18          Federal Rule of Civil Procedure 8(a)(2) requires a "pleading that states a claim for relief"

19   to include "a short and plain statement of the claim showing that the pleader is entitled to relief."

20   Fed. R. Civ. P. 8(a)(2).  A pleading that fails to meet this standard may be dismissed pursuant to

21   Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss after

22   the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic*

23   *Corporation v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the pleading]

24   'must . . . suggest that the claim has at least a plausible chance of success.'"  *Levitt v. Yelp! Inc.*,

25   765 F.3d 1123, 1135 (9th Cir. 2014).  The court "accept[s] factual allegations in the [pleading] as

26   true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek*

27   *v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But "allegations in a

28   [pleading] . . . may not simply recite the elements of a cause of action [and] must contain

United States District Court
Northern District of California

1   sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

2   defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus &*

3   *Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)).  "A claim has facial plausibility when the

4   Plaintiff pleads factual content that allows the court to draw the reasonable inference that the

5   Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility

6   standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

7   a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.    DISCUSSION

8

9   A.    Wage Statement Claim (Count 9)

10          An employee is deemed to suffer an injury for purposes of the damages provision in Labor

11   Code § 226(e) if "the employer fails to provide a wage statement" or if the employer "fails to

12   provide accurate and complete information as required by any one or more of items (1) to (9),

13   inclusive, of subdivision (a)." *Id.* §§ 226(e)(2)(A), (B).  An employer must provide to every

14   employee an accurate itemized statement in writing showing:

15              (1) gross wages earned, (2) total hours worked by the employee..., (3)
                the number of piece rate units earned and any applicable piece rate if
16              the employee is paid on a piece-rate basis, (4) all deductions, provided
                that all deductions made on written orders of the employee may be
17              aggregated and shown as one item, (5) net wages earned, (6) the
                inclusive dates of the period for which the employee is paid, (7) the
18              name of the employee and only the last four digits of his or her social
                security number or an employee identification number other than a
19              social security number, (8) the name and address of the legal entity
                that is the employer..., and (9) all applicable hourly rates in effect
20              during the pay period and the corresponding number of hours worked
                at each hourly rate by the employee[.]
21

22   Cal. Labor Code § 226 (a).  A claim for damages under § 226(e) requires a showing of three

23   elements: "(1) a violation of Section 226(a); (2) that is 'knowing and intentional'; and (3) a

24   resulting injury."  *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014)

25          Defendants do not contest that Plaintiffs have adequately alleged the first two elements of a

26   claim under § 226(e) – knowing and intentional violations of § 226(a).  Instead, Defendants argue

27   that the Court should dismiss Plaintiffs' wage statement claim, Count 9, because (1) Plaintiffs

28   have not alleged a cognizable injury, and (2) because the wage statement claim is derivative of

United States District Court
Northern District of California

United States District Court
Northern District of California

other claims and seeks impermissible double recovery.  Mot. at 7.

Neither argument is persuasive.  Dismissal of Plaintiffs' wage statement claim is unwarranted.

1.    <u>Injury</u>

When wage statement claims are predicated on inaccurate or incomplete reporting of "total hours worked" and "number of hours worked at each hourly rate," under 226 (a)(2) and 226(a)(9), injury is presumed.  *See* Cal. Lab. Code § 226(e)(2)(B)(i) ("An employee is deemed to suffer injury . . . if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive. . . and the employee cannot promptly and easily determine from the wage statement alone. . .  [t]he amount of the gross wages or net wages paid to the employee during the pay period"); *Ahmed v. W. Ref. Retail, LLC*, 2021 WL 2548958, at *5-6 (C.D. Cal. May 13, 2021) (citing *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336-37 (2018) ("subdivision (a)(2) and (9) refers to the 'total hours worked,' and 'number of hours worked at each hourly rate.'  These categories are included in subdivision (e)(2)(B)(i)—if they are excluded from the wage statement, injury may be presumed.").  Plaintiffs have alleged that the "Commission Statements" provided to them by Defendants in lieu of regular wage statements did *not* include total hours worked or number of hours worked at each hourly rate. FAC ¶¶ 36, 81-83.  Thus, Plaintiffs are entitled to a presumption of injury for the purposes of their wage statement claim.

Moreover, in addition to the presumption of injury to which Plaintiffs are entitled, Plaintiffs have adequately alleged actual injury under § 226.  "An aggrieved employee is held to have suffered injury under section 226(a) if his employer fails to provide accurate and complete information. . . and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) the amount of gross or net wages paid or any other information required to be provided pursuant to items (2) to (4), (6), and (9)."  *Colopy v. Uber Techs. Inc.*, No. 19-CV-06462-EMC, 2019 WL 6841218, at *10 (N.D. Cal. Dec. 16, 2019) (citing *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d at 811).  The deprivation of information required by wage statements compliant with Section 226 inflicts injury upon workers in several ways.

"[I]njuries. . . may be shown through the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all the hours they worked." *Achal*, 114. F. Supp. 3d at 811–12.  As the court noted in *Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1135 (C.D. Cal. 2011) ("Courts interpreting California law have recognized that the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked can constitute an injury under section 226(e)."  (Internal quotations omitted.)

Here, Plaintiffs alleged Defendants failed to "provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and the beginning and end of all meal breaks taken," FAC ¶ 81, and that employees "did not receive pay stubs that, among other issues, recorded their rate of pay, the number of hours that they worked, or broke out the total hours of compensable rest and recovery periods," *id.* ¶ 36.  Plaintiffs, thus, have sufficiently alleged facts for the Court to infer that they were actually injured because those deficiencies indicate a "possibility of not being paid overtime, employee confusion over whether they received all wages owed them, [and] difficulty and expense involved in reconstructing pay records," *see Achal*, 114 F. Supp. 3d. at 811-12.  Indeed, this Court so held in *Colopy*, 2019 WL 6841218, at *10 ("Here, Plaintiff's allegations support—although he does not state this point explicitly—a claim that he 'could not promptly and easily determine' critical information, including his hours worked and his hourly wages.").  Thus, Plaintiffs have sufficiently plead cognizable injury under § 226**.**

2.   <u>Derivative Claim and Double Recovery</u>

Defendants cite *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336–37 (2018) for the proposition that a plaintiff may not recover on a wage statement claim under § 226 that is derivative of another underlying labor code violation.  Mot. at 10-11.  In that instance,

United States District Court
Northern District of California

damages awarded under Section 226 would result in double recovery.  Defendants, however, overstate the holding and reasoning of *Maldonado*.  *Maldonado* is inapposite.

In *Maldonado*, the California Court of Appeal considered whether plaintiffs had established injury flowing from inaccurate wage statements. 22 Cal. App. 5th at 1335–37.  Due to defendant's failure to account for certain hours as overtime, the wage statements misstated the actual wages earned by plaintiffs.  *Id.*  The trial court determined plaintiffs had suffered injury because they were not paid all overtime compensation due to them.  *Id.* at 1334–35.  On appeal, defendant argued that the injury was insufficient because it did not flow from the inaccurate wage statements but rather the underlying overtime violations.  *Id.*  In response, plaintiffs argued that a presumption of injury should be applied pursuant to § 226(e).  *Id.*  The court disagreed, concluding the award of wage statement penalties was improper and explaining "only the absence of the *hours worked* will give rise to an inference of injury" and not the absence of accurate wages earned.  *Id.* at 1336–37 (emphasis in original).  The court concluded that because plaintiffs challenged the accuracy of earned wages, which provides no presumption of injury under subdivision (e), and did not allege an injury distinct from that flowing from the underlying wage and hour violation, an award of penalties under § 226 was improper.  Hence, the plaintiff failed to demonstrate either a presumptive injury under Section 226(e) or any injury distinct from the actual underlying wage and hour violation:  the wage statement claim was wholly derivative of the wage violation.

Here, the wage statement claim is not wholly derivative of the wage.  This is not a situation where the wage statement is inaccurate solely *because* of the failure to account for (and pay), *e.g.*, overtime.  Here, there was no wage statement at all – a violation that obtains irrespective of, *e.g.*, failure to pay overtime or minimum wage.

Moreover, as a matter of statutory construction, *Maldonado* is distinguishable from the instant case on the question of presumptive injury.  As Judge Orrick explained:

> Following bench trial in *Maldonado*, the Los Angeles County Superior Court awarded damages for unpaid overtime and penalties for inaccurate wage statements.  The Court of Appeals reversed, finding a "failure to pay overtime at the appropriate rate" does not also generate "a wage statement injury justifying the imposition of wage statement penalties," otherwise "an apparent unintentional double recovery" would result.  22 Cal. App. 5th at 1336.

United States District Court
Northern District of California

The court analyzed the statutory language of section 226, drawing a distinction between the term "earned" and the term "worked." *Id.* Subdivisions (a)(1) and (5) require the employer to provide information regarding the "gross wages earned" and "net wages earned," but "these two categories are *excluded* from subdivision (e)(2)(B)(i)'s list of those categories whose omission gives rise to a presumption of injury." *Id.* (emphasis in original).  In contrast, subdivisions (a)(2) and (9) refer to the "total hours worked," and "number of hours worked at each hourly rate." *Id.*  "These categories are included in subdivision (e)(2)(B)(i)—if they are excluded from the wage statement, injury must be presumed." *Id.* Accordingly, the court found that this shows "[t]here is [] clearly a significance to the Legislature's decision that injury is not presumed when a wage statement fails to include wages 'earned' but is presumed when the wage statement fails to include hours 'worked at' a particular rate." *Id.*  Therefore, it concluded, "only the absence of the *hours worked* will give rise to an inference of injury; the absence of accurate *wages earned* will be remedied by the violated wage and hour law itself." *Id.* at 1337 (emphasis in original).

Plaintiffs in *Maldonado* argued that the wage statements did not properly indicate the ninth and tenth hours they worked as overtime, a claim that the court found can be remedied by the violated wage and hour law addressing unpaid overtime.  *Id.* at 1334. Specifically, "there was no suggestion that the wage statements were inaccurate due to time clock rounding or the fact that the meal period was simply included in 12 hours of paid work, rather than separately itemized." *Id.* at 1334 n.14.

*Fodera v. Equinox Holdings, Inc.*, No. 19-CV-05072-WHO, 2020 WL 3961985, at *4–5 (N.D. Cal. July 13, 2020).  Judge Orrick went on to distinguish the allegations in the case before him from those in *Maldonado*:

The allegations here are different from the facts in *Maldonado*. Here, plaintiffs allege that the wage statements do not reflect *all hours that they worked.* SAC ¶ 28.  This is precisely the type of section 226 claim that *Maldonado* court approved of because it does not run into the problem of double recovery; rather, it would be entitled to an inference of injury pursuant to subdivision (e)(2)(B)(i). *See Kastler v. Oh My Green, Inc.*, No. 19-CV-02411-HSG, 2019 WL 5536198, at *9 (N.D. Cal. Oct. 25, 2019) (finding defendant's double recovery argument based on *Maldonado* unconvincing and concluding plaintiff sufficiently alleged a section 226 claim for failure to provide the total hours worked on wage statements due to the automatic deduction policy) [.]

*Id.* at *5.

As in *Fodera*, Plaintiffs have alleged that they were deprived of wage statements that reflected the hours they worked, FAC ¶¶ 36, 81-83, and, thus, is "precisely the type of section 226

9

claim that the *Maldonado* court approved of because it does not run into the problem of double recovery." *Id.*

Notably, courts in this district have repeatedly found that section 226 claims are adequately pleaded even if they are derivative of other wage and hour claims. *See, e.g.*, *id.; Johnson v. Q.E.D. Envtl. Sys. Inc.*, No. 16-CV-01454-WHO, 2016 WL 4658963, at *4 n.1 (N.D. Cal. Sept. 7, 2016) ("Because Johnson sufficiently alleges his first two claims for missed meal and rest breaks and failure to pay overtime, and Johnson's third claim for failure to provide accurate written wages is derivative of his first two claims, QED's motion to dismiss the third claim is DENIED."); *Suarez v. Bank of Am. Corp.*, No. 18-CV-01202-MEJ, 2018 WL 3659302, at *13 (N.D. Cal. Aug. 2, 2018) (denying motion to dismiss plaintiff's wage statement claim that was based on underlying claims for missing meal and rest period and unrecorded overtime); *see also Castillo v. Bank of Am. Nat'l Ass'n*, No. SACV170580DOCKESX, 2019 WL 7166055, at *8 (C.D. Cal. Oct. 29, 2019) ("[T]he Court rejects Defendant's argument that the wage statement theory predicated on the unpaid wages violation fails as a matter of law. . . [H]ere Plaintiff argues there is an absence of actual hours worked on her wage statement. Therefore, *Maldonado* is inapposite.").

Accordingly, dismissal of Plaintiffs' wage statement claim is unwarranted.

B.    UCL Claim (Count 11)

Defendants argue that the Court should dismiss Plaintiff's UCL claim, Count 11, because Plaintiffs do not allege that they lack an adequate remedy at law. Mot. at 7. Next, Defendants argue that, if Plaintiff's UCL claim may proceed, they may not recover labor code penalties for meal and rest break violations as restitution. *Id*. at 15. Finally, Defendants contend that Plaintiff cannot pursue injunctive relief because they no longer contract with Defendants. *Id* at 7.

1.    Pleading Remedies in the Alternative

Defendants argue that the Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 838 (9th Cir. 2020) requires dismissal of Plaintiffs' UCL claim because Plaintiffs have not alleged that they lack an adequate remedy at law to establish that they are entitled to seek equitable remedies under the UCL. As the parties correctly note, the import of *Sonner* at the *pleading* stage is an unsettled question of law and has given rise to an intra-circuit split. *See*

*Eason v. Roman Catholic Bishop of San Diego*, 414 F. Supp. 3d 1276, 1282 (S.D. Cal. 2019) (citing cases taking conflicting positions). This Court's analysis of the issue has evolved, too. Previously, the Court held that a Plaintiff must sufficiently allege an inadequate remedy at law to state a claim under the UCL and that failure to do so at the pleading stage could warrant dismissal. *Mish v. TForce Freight, Inc*., No. 21-CV-04094-EMC, 2021 WL 4592124, at *6 (N.D. Cal. Oct. 6, 2021). But, in its most recent examination of the issue in *Nacarino v. Chobani, LLC*, this Court joined courts that have held that *Sonner* does not preclude plaintiffs from pleading equitable remedies in the alternative:

> *Sonner* teaches that a plaintiff, on the eve of trial, cannot create an inadequacy of a legal remedy by eliminating its availability by taking volitional action. *See Guzman v. Polaris Indus. Inc.*, No. 8:19-cv-01543-FLA (KESx), 2021 WL 2021454, at *11 (C.D. Cal. May 12, 2021) (in granting the defendants' motion for summary judgment the court explained that the plaintiff sought damages for violations of the CLRA in addition to restitution under the UCL in the second amended complaint but failed to identify facts to establish an inadequate legal remedy and the court noted that "the relevant question, however, is not whether [the plaintiff] has pleaded legal remedies, but whether he could have sought an adequate legal remedy."), appeal filed May 19, 2021 (No. 21-55520). Similarly, where the plaintiff had an adequate legal remedy but forsook it (e.g., by failure to abide by the statute of limitations), the plaintiff cannot be said to have been without an adequate legal remedy. *See Guzman*, 2021 WL 2021454, at *11.
>
> Thus, while a plaintiff may not through actions within its control forsake an adequate legal remedy and then claim it has no adequate legal remedy, thereby opening the door to otherwise identical equitable relief, the analysis is less clear where the legal remedy has been denied despite plaintiff's best efforts. In particular, it is not clear whether the plaintiff must demonstrate there is some structural impediment to an equivalent legal remedy (such as a statutory limit) as opposed to e.g., a failure of factual proof on the legal claim. **Although this Court in its prior order suggested the plaintiff must demonstrate there is some "inherent limitation" on the legal remedy (Order at 22; Docket No. 48), other courts have indicated imposing such a burden at the pleading state may be premature. The Court takes note of those decisions and refines its analysis, at least as it applies at this pleading stage.**
>
> In *Junhan Jeong v. Nexo Financial LLC, et. al.*, No. 21-CV-02392-BLF, 2022 WL 174236 (N.D. Cal. Jan. 19, 2022), in addition to several other claims, the plaintiff sought damages under breach of contract and UCL claims, as well as restitution under the UCL and injunctive relief under the UCL and CLRA. On a motion to dismiss, the court distinguished *Sonner* when analyzing the plaintiff's claim for restitution under the UCL at the pleading stage, noting that

"[c]ourts in the Ninth Circuit are divided on how exacting a standard *Sonner* imposes on plaintiffs who plead claims for equitable remedies at the pleading stage." *Id.* at*27 (citing *Byton N. Am. Co. v. Breitfeld*, No. CV 19–10563–DMG (JEMx), 2020 WL 3802700, at *9 (C.D. Cal. Apr. 28, 2020) (referencing an "intra-circuit split on the issue of whether courts may allow UCL claims to proceed past the pleading stage when other adequate remedies exist" but holding that in the absence of controlling authority, the court would allow the plaintiffs to plead UCL claims in the alternative, even when other adequate remedies may exist) (citation omitted)).  The court found "that *Sonner* has limited applicability to the pleading stage because it pertained to circumstances in which a plaintiff dropped all damages claims on the eve of trial" and as such, "provides limited guidance for pleading claims for legal and equitable relief." *Id.*  In so finding, the court noted other cases where courts "d[id] not consider *Sonner* to impose strict requirements at the pleading stage." *Id.* (citing *Freeman v. Indochino Apparel, Inc.*, 443 F.Supp.3d 1107, 1114 (N.D. Cal. 2020) ("Plaintiff may allege claims in the alternative at the pleading stage.  The equitable remedies afforded by the UCL and CLRA are expressly stated to be in addition to other available remedies at law."); *Byton*, 2020 WL 3802700, at *9 ("[T]he Ninth Circuit's general rule is that plaintiffs may plead alternative claims, even if those claims are inconsistent.")).  **The court emphasized that, "in light of *Sonner's* limited applicability to the pleading stage, there is no binding precedent that holds that pleading equitable restitution in the alternative is improper."** *Id.*  **Thus, "[g]iven the general liberal policy courts have toward pleading in the alternative," the court held that the plaintiff could "proceed with his equitable restitution claim at this stage even though he is also seeking contract damages" and that the court could "reassess at a later stage of the case ...."** *Id.* . . .**These rulings are consistent with Federal Rule of Civil Procedure 8 which allows for pleading in the alternative. Specifically, Rule 8 states that a claim for relief must contain "a demand for relief sought, *which may include relief in the alternative or different types of relief.*"** Fed. R. Civ. P. 8(a)(3) (emphasis added).  *See Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *7 (C.D. Cal. Nov. 30, 2020) ("*Sonner* does not hold that plaintiffs may not seek alternative remedies at the pleading stage.") (citations omitted). . . .

**Thus, "[w]hile the Court may reassess at a later stage of this case, it declines to trim out Plaintiff's equitable restitution claim at this early stage."** *Junhan Jeong*, 2022 WL 174236, at *27. **The issue of Plaintiff's entitlement to seek the equitable remedy of restitution may be revisited at a later stage.**

No. 20-CV-07437-EMC, 2022 WL 344966, at *8–10 (N.D. Cal. Feb. 4, 2022) (emphases added).

Consistent with *Nacarino*, the Court concludes *Sonner* does not preclude a plaintiff from pleading equitable remedies in the alternative.  *Id.*[1]  Thus, Plaintiffs' request for restitution under the UCL

---

[1] Defendants' contention that *Nacarino* was decided in the context of a consumer protection claim, and, therefore, does not apply here where Plaintiffs allege violations of the California labor code

United States District Court
Northern District of California

as a remedy in the alternative to legal remedies under the labor code is both sufficient and permissible at the pleading stage. As in *Nacarino*, the "issue of [P]laintiffs' entitlement to seek the equitable remedy of restitution may be revisited at a later stage." *Id.* at \*10.

### 2.   Wages or Penalties Under § 226.7?

Defendants contend Plaintiffs cannot recover meal and rest period premium pay under Section 226.7 as restitution under their UCL claim. Mot. at 15. Section 226.7 of the California Labor Code provides that an employer who fails to provide legally compliant meal and rest breaks must pay the employee one addition hour of pay at the employee's regular rate of compensation. Cal. Lab. Code § 226.7(b). Remedies under the UCL are generally limited to restitution and injunctions. *Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel.*, 20 Cal 4th 163, 179 (1999). Restitution under the UCL includes "earned wages." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177-78 (2000).

The California Supreme Court has not addressed whether Section 226.7 pay is recoverable under the UCL, but it has treated such pay as wages for some purposes. In *Murphy v. Kenneth Cole Productions, Inc.*, the Court held that the "additional hour of pay" required under Section 226.7 is "a premium wage intended to compensate employees, not a penalty," for purposes of statute of limitations. 40 Cal. 4th 1094, 1102-14 (2007). However, in *Kirby v. Immoos Fire Protection, Inc.*, the court held that a Section 226.7 claim does *not* represent an action for nonpayment of wages because the legal violation triggering the statute is failure to provide meal and rest breaks, rather than failure to pay wages. 53 Cal. 4th 1244, 1256-57 (2012). The differing treatment by California's highest court has led to a split among district courts in treatment of Section 226.7 pay under the UCL. *See Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587 YGR, 2015 WL 5072039, at \*18 (N.D. Cal. Aug. 27, 2015) (listing cases demonstrating split).

Judge White recently analyzed this intra-circuit split in *McGhee v. Tesoro Ref. & Mktg. Co. LLC* and provided persuasive analysis that violations of Section 226.7 are recoverable under the UCL:

---

lacks reasoning. Defendants provide no explanation for why the analysis in *Nacarino* or the cases on which *Nacarino* relies is *only* applicable to consumer protections claims.

United States District Court
Northern District of California

Defendants now argue that McGhee cannot recover payment under Section 226.7 because they do not constitute "earned wages" under *Cortez*.  As support, they cite *Kirby* and other cases that found that violations leading to payments Section 226.7 are not for "nonpayment of wages," as well as district court cases that relied on these decisions.  *E.g.*, *Jones v. Spherion Staffing LLC*, 2012 WL 3264081, at *6 (C.D. Cal. Aug. 7, 2012); *Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797, 808 (E.D. Cal. 2017).  In so doing, **Defendants entirely ignore *Murphy*.  As *Kirby* explained, there is no inconsistency between its holding and that of *Murphy* because they address different questions:  *Kirby* analyzed the action triggering the violation under Section 226.7, while *Murphy* considered whether the resulting penalty constitutes "wages."  53 Cal. 4th at 1257.  In this regard, *Murphy* is clear: the additional hour of pay under Section 226.7 is "a premium wage intended to compensate employees."**  *Murphy*, 40 Cal. 4th at 1114.

**Section 226.7 pay is therefore recoverable as restitution because it is "the property of the employee who has given his or her labor" by working without breaks**.  *Cortez*, 23 Cal. 4th at 178; *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003) (**restitution "restore[s] the status quo by returning to the plaintiff finds in which he or she has an ownership interest"**).

Defendants argue that Section 226.7 pay does not constitute "earned" wages because it results from employers' actions, rather than the employee's labor.  Defendants cite *Pineda v. Bank of America, N.A.* as authority, where the California Supreme Court held that Section 203 waiting time penalties are not recoverable under the UCL because they are "not designed to compensate employees for work performed," but rather to "punish employers" who fail to pay final wages on time.  50 Cal. 4th 1389, 1401 (2010).  **But extending *Pineda* in this way plainly conflicts with *Murphy*, which held that Section 226.7 payments are not a penalty, but a "premium wage."  40 Cal. 4th at 1114.**

The better interpretation is that Section 226.7 compensates employees for working without breaks, which is properly recoverable as restitution because it is triggered in part by the employee's actions.

440 F. Supp. 3d 1062, 1072 (N.D. Cal. 2020) (emphases added).  *See also Calleros v. Rural Metro of San Diego,* Inc., No. 17-CV-00686-CAB-BLM, 2017 WL 3252551, at *3 (S.D. Cal. July 31, 2017) ("The wages provided by section 226.7 are akin to overtime wages, and thus constitute restitution.  This conclusion is grounded in the state's supreme court decisions in *Murphy* and *Pineda v. Bank of America, N.A.*, 241 P.3d 870 (2010), the relevant statute of limitations, and a review of other pertinent case law."); *Eason v. Roman Cath. Bishop of San Diego*, 414 F. Supp. 3d

1276, 1284 (S.D. Cal. 2019) ("Wages awarded for meal period violations are recoverable as restitution under the UCL.  Wages recovered under section 226.7 compensate the employee for more than the hours actually worked.") (citing *Calleros*).

The Court agrees with Judge White's analysis, and rejects Defendants' arguments. [2] Accordingly, the Court denies Defendants' request to dismiss UCL claim for restitution as to pay under § 226.7.

3.  <u>Injunctive Relief</u>

Defendants argue that Plaintiffs, as former employees, lack standing to pursue prospective injunctive relief against their former employers in the absence of allegations demonstrating an ongoing relationship or that they would benefit from the injunctive relief.  Mot. at 16 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364–65 (2011); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036–37 (9th Cir. 2006)).  Plaintiffs do not dispute that the FAC, as plead, lacks sufficient allegations to provide a basis for their requests for injunctive relief.  Opp. at 17.  Instead, Plaintiffs argue that the additional details they alleged in their ex parte application for Temporary Restraining Order, including facts demonstrating a continuing personal need for prospective relief in light of Defendants' actions to enforce and collect debts against Plaintiffs stemming from Plaintiffs' time employed with Defendants, would cure any deficiencies.  Plaintiffs acknowledge that the details in their TRO application are not currently plead in the FAC, and seek leave to amend.

Thus, the Court grants Defendants' motion to dismiss Plaintiffs' requests for injunctive relief but, in light of Fed. R. Civ. P. 15(a) liberal policy favoring amendment, also grants Plaintiffs leave to amend to allege facts that might support some form of injunctive relief.

///

///

---

[2] Defendants' reference (in a footnote in their reply brief) to *Naranjo v. Spectrum Sec. Servs., Inc.*, 40 Cal. 5th (2019) is not on point and does not alter the analysis.  There a California Court of Appeal held "that section 226.7 actions do not entitle employees to pursue the derivative penalties in sections 203 and 226." *Id.* at 474.  *Naranjo* did not purport to decide whether § 226.7 pay is recoverable as restitution under the UCL.

## IV.   CONCLUSION

The Court **GRANTS** Defendants' motion for judgment on the pleadings as to Plaintiffs' request for injunctive relief, but grants Plaintiffs leave to amend this request.  The Court **DENIES** Defendants' motion for judgment on the pleadings in all other respects.  Plaintiffs have thirty (30) days from entry of this order to file an amended complaint.

This order disposes of Docket No. 119.

**IT IS SO ORDERED**.

Dated: March 22, 2022

_____
EDWARD M. CHEN
United States District Judge